Henry C. Bunsow (SBN 60707)
K.T. Cherian (SBN 133967)
Robert Kramer (SBN 181706)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900
Facsimile: (415) 848-4999
Email: bunsowH@howrey.com
         cherianK@howrey.com
         kramerR@howrey.com

Attorneys for Defendant
LITEPANELS, LLC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| SWIT ELECTRONICS CO., LTD, <br><br> Plaintiff, <br><br> vs. <br><br> LITEPANELS, LLC, <br><br> Defendant. | Case No. C-07-02645 (JSW) <br><br> **DECLARATION OF KEN FISHER IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS SWIT ELECTRONICS' COMPLAINT OR TRANSFER VENUE** |

I, Ken Fisher, declare as follows:

1. I am one of the founding managers of defendant Litepanels LLC. I have personal knowledge of the facts stated herein, and could and would competently testify to them under oath if called as a witness.

2. Defendant Litepanels is a Los Angeles technology and licensing company that owns the '823, '742 and '302 patents-in-suit. Litepanels has no office, facilities, business operation, and does not and has never conducted business in the Northern District of California.

**HOWREY LLP**

FISHER DECL. IN SUPP. OF MOT. TO DISMISS OR TRANSFER

Case No. C-07-02645 (JSW)

3.  Swit has advertised and offered the accused products for sale in Texas via an interactive website that links consumers to Swit's Texas-based U.S. distributor Varizoom Lens Controls ("Varizoom"). Attached, as Exhibit A, is a true and correct copy of Swit's webpage as of June 12, 2007.

4.  On or about February 13, 2007, Litepanels obtained the mailing address for Varizoom, which is plaintiff Swit Electronics Co., Ltd.'s Texas-based exclusive United States distributor. Litepanels learned the address, 817 W Howard Lane, Austin, Texas 78753, from Varizoom's website www.varizoom.com. On February 13, 2007, Litepanels' intellectual property attorney with the Irell & Manella LLP firm sent a letter to Varizoom identifying Litepanels two patents and requesting that Varizoom respect Litepanels' intellectual property. A true and correct copy of Litepanels' letter dated February 13, 2007 is attached as Exhibit B.

5.  Litepanels' February 13, 2007 letter was delivered to Varizoom's Showroom address by Federal Express, but was later refused and returned to Litepanels.

6.  On March 19, 2007, before this action was filed, Litepanels, through a representative in Plano, Texas, purchased a Swit model S-2010 LED on-camera light, through Swit's Texas-based exclusive United States distributor Varizoom (www.varizoom.com). The representative purchased this product on Varizoom's web site.

7.  On or about March 21, 2007, Litepanels sent another letter to Varizoom requesting that it cease and desist from offering and selling infringing Swit lighting products models S2010 and S2000. Litepanels' March 21, 2007 letter was sent via email, and Federal Express. A true and correct copy of Litepanels' March 21, 2007 letter is attached as Exhibit C.

8.  On or about March 27, 2007 Litepanels' sent yet another letter to Varizoom demanding that Varizoom ensure that the infringing Swit lighting products not be shown at an upcoming National Association of Broadcasters tradeshow ("NAB") in Las Vegas, Nevada that was held on June 16-19,

2007. Litepanels further indicated that a complaint for patent infringement had been prepared and that shortly the matter would be referred to litigation counsel. A true and correct copy of Litepanels' March 27, 2007 letter is attached as Exhibit D.

9. On March 28, 2007, Litepanels received a fax from Mr. McKay. A true and correct copy of Mr. McKay's March 28, 2007 letter is attached as Exhibit E.

10. On or around March 29, 2007, I spoke with Mr. Tom McKay, the principal of Varizoom, who indicated that he had no interest in entering into patent litigation with Litepanels and stated that he would agree to Litepanels' cease and desist terms. Mr. McKay inquired if I had seen his fax of March 28, 2007, to which I replied that I had not. Mr. McKay then requested information regarding the claims of the Litepanels patents. I stated that the claims in Litepanels patents are clearly detailed and readily understandable in Litepanels patents, and suggested that they be reviewed by Varizoom's patent attorney. He also stated that Litepanels should consider a license agreement on the Swit products. We then agreed to hold a follow-up meeting.

11. At the NAB trade show on April 16, 2007, despite the promises of Mr. McKay, I observed that the infringing products, Swit models S2010 and 2000, were being displayed at Swit's trade show booth.

12. Based on information I received from third parties, Varizoom continued to sell the infringing products despite Mr. McKay's written assurances made to Litepanels. At the trade show, plaintiff Swit was telling potential customers that infringing products were available for purchase through Varizoom.

13. On April 17, 2007, I hand delivered a letter to Swit requesting that Swit remove the infringing products from its booth at NAB and further stating that Litepanels will vigorously protect its patents. A true and correct copy of Litepanels' attorney's April 17, 2007 letter is attached as Exhibit F.

14. More recently, on June 14, 2007, Litepanels, through a representative in Longview Texas, acquired the separate-model Swit S-2000 LED on camera light, via one of Varizoom's Internet dealers Adorama (www.adorama.com).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 15, 2007, in Los Angeles, California.

_____
Ken Fisher