1   **WANG, HARTMANN & GIBBS, P.C.**
    A Professional Law Corporation
2   Richard F. Cauley (SBN: 109194)
    Erick P. Wolf (SBN: 224906)
3   Larry E. Severin (SBN: 223409)
    1301 Dove Street, Suite 1050
4   Newport Beach, CA 92660
    Telephone: (949) 833-8483
5   Facsimile: (949) 833-2281

6

7

8                     **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  SWIT ELECTRONICS CO., LTD, a China          Case No.C-07-02645 JSW
    corporation,
12                                              **PLAINTIFF SWIT'S OPPOSITION TO**
                        Plaintiff,              **MOTION TO DISMISS OR TRANSFER**
13                                              **VENUE**
                 vs.
14

15

16  LITEPANELS LLC., a California limited
    liability company,
17
                        Defendant.
18

19

20

21

22

23

24

25

26

27

28

---
                                    - 0 -
**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1
2
3

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ................................................................................................ 1

II.     FACTUAL BACKGROUND ............................................................................... 1

    A.      Litepanels, LLC and Litepanels, Inc. v. Gekko Technology Ltd. ...........................1

    B.      Litepanels' Substantial Connections to California and the Northern District....................................................................................................................3

    C.      Litepanels' Cease and Desist Letters ....................................................................4

III.    ARGUMENT ....................................................................................................... 4

    A.      Swit was the First to File ......................................................................................4

        1. First-To-File Rule Reinforces Swit's Right to its Choice of Venue ................... 4

    B.      Pursuant to 28 U.S.C. 1391, So Long As Litepanels Is Subject to Personal Jurisdiction, Venue Is Proper In The Northern District...........................................5

    C.      Personal Jurisdiction Exists Over Litepanels In The Northern District of California ..............................................................................................................5

        1.      Swit Is Subject To General Jurisdiction In the Northern District.............. 6

        2.      Judicial Economy Does Not Weigh In Litepanels' Favor ......................... 6

        3.      The Burden To The Defendants And Their Attorneys Is Less Than If The Case Were Venued In Texas....................................................... 7

        4.      California (And The Northern District) Has An Interest In Adjudicating This Case........................................................................ 7

        5.      Swit's Interest In Obtaining Convenient And Effective Relief is Paramount and Best Served in the Northern District................................. 8

    D.      For the Convenience of the Parties, Witnesses, and in the Interest of Justice, the Case Should Remain in the Northern District.......................................8

        1.      Plaintiff's Choice of Forum ........................................................................ 9

        2.      Convenience of Parties ............................................................................ 10

- i -

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

3.    Convenience of the Witnesses ................................................. 11

4.    Ease of Access to Evidence ..................................................... 11

5.    Familiarity Of Each Forum With The Applicable Law ........................... 12

6.    Feasibility Of Consolidation Of Other Claims ........................................ 12

7.    Local Interest In The Controversy ............................................ 12

8.    Relative Court Congestion .................................................... 12

IV.    CONCLUSION ............................................................................. 13

OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

<u>CASES</u>

4

<u>Aero Prods. Int'l, Inc. v. Intex Rec. Corp.</u>

5

2006 U.S. App. LEXIS 24586 (Fed. Cir. 2006). ........................................................... 7

6

<u>Asahi Metal Ind. Co. v. Superior Ct. of Cal., Solano City</u>

7

480 U.S. 102, 113-14, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1986) ................................ 6

8

<u>Breckenridge Pharm., Inc. v. Metabolite Labs.,</u> Inc.

9

348 F. Supp. 2d 1335, 1342 (D. Fla. 2004) ................................................................. 6

10

<u>Chrysler Capital Corp. v. Woehling</u>

663 F. Supp. 478, 483 (D. Del. 1987)................................................................... 6, 12

11

12

<u>Decker Coal Co. v. Commonwealth Edison Co.</u>

805 F.2d 834, 843 (9th Cir. 1986) ............................................................................. 9

13

<u>E. & J. Gallo Winery v. F. & P. S.p.A.</u>

14

899 F. Supp. 465, 466 (E.D. Cal. 1994)................................................................... 11

15

<u>Guthy-Renker Fitness, L.L. C. v. Icon Heath & Fitness, Inc.</u>

16

179 11 F.R.D. 264, 269 (C.D. Cal. 1998). ................................................................. 5

17

<u>IMS Health, Inc. v. Vality Technology, Inc.</u>

59 F. Supp. 2d 454, 471 (E.D. Pa. 1999) ................................................................. 12

18

<u>International Shoe Co. v. Washington</u>

19

326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)........................................... 5, 6

20

<u>Jarvis v. Marietta Corp.</u>

21

1999 U.S. Dist. LEXIS 12659, 1999, WL 638231 (N.D. Cal. 1999) ................................... 9, 11

22

<u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>

23

678 F.2d 93, 94-95 (9th Cir. 1982) ......................................................................... 4

24

<u>Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.</u>

148 F.3d 1355, 1359 (Fed. Cir. 1998).................................................................... 6

25

<u>Royal Queentex Enteres v. Sara Lee Corp.</u>

26

No. C 99-4787, 2000 U.S. Dist.. LEXIS 10139, at *10 (N.D. Cal. Mar 1, 2000) .................... 10

27

<u>Steelcase, Inc. v. Haworth</u>

28

41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996) ............................................... 11

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1

2

Stewart Org. v. Ricoh Corp.
    487 U.S. 22, 29 (1988) ................................................................. 9

STX, Inc. v. Trik Stik, Inc.
    708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ................................... 11

3

4

5

**STATUTES**

6

28 U.S.C. § 1391 (b) (1) .................................................................. 5, 8

7

28 U.S.C. § 1391(c) .......................................................................... 5, 8

8

9

28 U.S.C. § 1404(a) ......................................................................... 8, 9

10

28 U.S.C. 1406(a), ........................................................................... 8

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Defendant Litepanels, LLC ("Litepanels") is forced to admit that Plaintiff Swit Electronics, Inc. ("Swit") was first to file its Complaint in this case.  Plaintiff's choice of forum must be respected.  Litepanels has not shown that its later-filed Complaint in the Eastern District of Texas somehow compels the Court to dismiss or transfer this Action.

Venue is proper in the Northern District because Litepanels' distributor CA Media continuously and systematically ships product to various cities in the Northern District, thereby meeting the requirements for general jurisdiction.  The Northern District is perfectly located for the convenience of Los Angeles based Litepanels and its San Francisco based counsel.  There are significant differences between this Action and the action in the Eastern District of Texas so that litigation in Texas would be contrary to judicial economy.

Similarly, it would be highly inconvenient to transfer this Action to the Eastern District of Texas.  The Northern District's superior familiarity with patent issues makes it an ideal forum.  None of the key parties resides in the Eastern District of Texas - Litepanels is in Los Angeles, its counsel is in San Francisco, Swit is a China corporation, its counsel maintains a San Jose office, and distributor Varizoom is in Austin (in the Western District of Texas).  The distinct issues in this case will render a transfer to Texas judicially inefficient.  Litepanels has provided no significant evidence to the contrary and has certainly not met its heavy burden as to transfer.

Litepanels' Motion should be denied in its entirety.

### II.    FACTUAL BACKGROUND

#### A.    Litepanels, LLC and Litepanels, Inc. v. Gekko Technology Ltd.

Last April, Litepanels sued Gekko Technology Ltd. ("Gekko") in the Eastern District of Texas over alleged infringement of U.S. Patent No. 6,948,823 ("the '823 patent") and U.S. Patent No. 6,749,310 ("the '310 patent").  See Motion to Dismiss, Declaration of Robert F. Kramer ("Kramer Decl."), ¶ 4.  Notably, the '310 patent is <u>not</u> a subject of this Action.  See

- 1 -

Kramer Decl. ¶ 6.  While Litepanels claims that the Texas case should be consolidated with this Northern District case, this action does not include the '310 patent and the accused Gekko and Swit products are quite different.  For instance, Gekko makes and sells "ringlights" which bear a resemblance to the figures in the patent, while Swit makes compact lights that sit on top of a camera.    Swit and Gekko will therefore have very different arguments regarding non-infringement.  In summary, Swit and Gekko products undoubtedly have different relationships to the patent claims, fully justifying two separate actions.  A visual comparison between the '823 patent, the Gekko products, and the Swit products is set forth as follows:

| Litepanels patent - US 6,948,823 | Gekko products - KissLite and LensLite | SWIT products - S2000 and S2010 |
|---|---|---|
| Fig. 4  Fig. 38A  | KissLite   | S2000  S2010  |

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16



| Litepanels patent - US 6,948,823 | Gekko products - KissLite and LensLite | SWIT products - S2000 and S2010 |
|---|---|---|

17    **B.    Litepanels' Substantial Connections to California and the Northern District**

18        Contrary to the Fisher declaration, Litepanels conducts substantial business in the

19    Northern District. Litepanels' Benicia distributor, CA Media Solutions ("CA Media"), is located

20    a mere 30 miles from Oakland, 37 miles from San Francisco, 23 miles from Napa, and 32 miles

21    from Sonoma. Wolf Decl. ¶ 2. Thus, Litepanels' has an office for distributing its products

22    which is located barely half an hour's drive from many major commercial centers in the

23    Northern District.

24        CA Media has confirmed that it has sold Litepanels' products to businesses in San Jose

25    and all over the Bay Area. Wolf Decl. ¶ 3. Similarly, Express Video Supply ("EVS") of

26    Glendale, another Litepanels distributor, explained that it would be no problem shipping

27    Litepanels products to the Bay Area, in particular to San Jose if needed. Wolf Decl. ¶ 4.

28    Further, Cinema Gadgets in Burbank indicated that that they had previously shipped product to

1   San Jose, and that it would be no problem to ship Litepanels products to San Jose again.  Wolf
2   Decl. ¶ 5.

3       **C.    Litepanels' Cease and Desist Letters**

4          Beginning in a February 13, 2007 letter, Litepanels began threatening legal action in
5   connection with Swit-made VZ S2000 and the VZ S2010 LED lights sold by Varizoom.
6   Litepanels contended that Varizoom was infringing the '823 patent, U.S. Patent No. 7,162,302
7   ("the '302 patent"), and U.S. Patent No. 7,140,742 ("the '742 patent") and demanded that
8   Varizoom cease and desist allegedly infringing activities.  See Fisher Decl., Exhibit B.  Notably,
9   Litepanels <u>never</u> threatened any action against Swit in connection with the '310 patent (the
10  subject of the Texas litigation), and Litepanels has <u>never</u> asserted any action against Gekko in
11  connection with the '742 patent (the subject of the California litigation).

12         Litepanels wrote Varizoom again on March 21st with similar demands and then wrote
13  again on March 27th, both times threatening legal action by March 30, 2007.  See Fisher Decl.,
14  Exhibit C.  On April 17th, Litepanels wrote Swit directly, making similar threats of infringement.
15  See Fisher Decl., Exhibit F.  This fourth letter explicitly demanded that Swit immediately cease
16  and desist allegedly infringing activities by the time of the NAB tradeshow (April 16th–18th).
17  <u>Id</u>.  However, the NAB deadline came and went with still no action by Litepanels.  Finally, on
18  May 17th, Swit filed its Complaint for Declaratory Relief to resolve Litepanels' threats which
19  were hanging over Swit's business.

20

21  **III.    ARGUMENT**

22      **A.    Swit was the First to File**

23         **1. First-To-File Rule Reinforces Swit's Right to its Choice of Venue**

24         The "first to file" rule provides that Swit's first-filed complaint takes precedence over
25  Litepanels' later filed complaint.  This rule derives from "sound judicial administration" and
26  "should not be disregarded lightly."  <u>Pacesetter Sys., Inc. v. Medtronic, Inc.</u>, 678 F.2d 93, 94-95
27  (9th Cir. 1982).  Indeed, "unless compelling circumstances justify departure from the rule, the
28  first-filing party should be permitted to proceed without concern about a conflicting order being

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1   issued in a later-filed action." <u>Guthy-Renker Fitness, L.L. C. v. Icon Heath & Fitness, Inc.</u>, 179

2   F.R.D. 264, 269 (C.D. Cal. 1998).   This rule applies with equal force when the first-filed

3   complaint is one for declaratory relief. <u>Id</u>. at 274 (applying first-to-file rule in favor of prior

4   declaratory relief action, despite claims that filing was "anticipatory").   It is not disputed that

5   Swit's complaint preceded Litepanels' complaint, and binding authority indicates that Swit's

6   choice of venue should not be overridden.

7       **B.     Pursuant to 28 U.S.C. 1391, So Long As Litepanels Is Subject to Personal**

8       **Jurisdiction, Venue Is Proper In The Northern District**

9       28 U.S.C. § 1391 (b) (1) provides that venue is proper in a judicial district "where any

10  defendant resides." Litepanels incorrectly argues that venue is improper in the Northern District

11  because Litepanels resides in the Central District.   Motion to Dismiss at 5:17-22.   However,

12  Subsection (c) of Section 1391 defines where a corporate defendant such as Litepanels "resides":

13      (c) For purposes of venue under this chapter, a defendant that is a corporation
        shall be deemed to reside in any judicial district in which it is <u>subject to personal</u>
14      <u>jurisdiction</u> at the time the action is commenced…

15  28 U.S.C. § 1391(c) (emphasis added).

16      Therefore, so long as Litepanels is subject to personal jurisdiction in the Northern

17  District, Litepanels "resides" in this judicial district and venue is proper.   This is the case, as

18  discussed below.

19      **C.     Personal Jurisdiction Exists Over Litepanels In The Northern District of**

20      **California**

21      Litepanels is a Los Angeles-based technology and licensing company.   Therefore there is

22  absolutely no question that Litepanels is subject to the jurisdiction of its home state, California.

23  Due process requires that the defendant must have "certain minimum contacts with [the forum

24  state] such that the maintenance of the suit does not offend traditional notions of fair play and

25  substantial justice." <u>International Shoe Co. v. Washington</u>, 326 U.S. 310, 316, 90 L. Ed. 95, 66

26  S. Ct. 154 (1945) (quotation omitted).   Clearly, due process is satisfied if the defendant has

27  "continuous and systematic contacts" with the forum, even if the cause of action does not arise

28  out of or relate to those contacts. <u>Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc.</u>, 148 F.3d

- 5 -

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1355, 1359 (Fed. Cir. 1998). This is referred to as "general jurisdiction." Id. Here, the test will be applied to the Northern District for the purposes of the venue statute.

### 1.    Swit Is Subject To General Jurisdiction In the Northern District

Contrary to the Fisher declaration, Litepanels is subject to general personal jurisdiction in the Northern District. Litepanels distributor CA Media is within 30 miles of at least four major cities in the Northern District. Wolf Decl. ¶ 2. CA Media, as well as two other distributors in Los Angeles County, have confirmed that they ship Litepanels products to the Bay Area, including San Jose and other cities within the Northern District. Wolf Decl. ¶¶ 3-5. Litepanels cannot deny that it conducts substantial business in the Northern District and that its contacts are continuous and systematic.

The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" -- that is, whether it is reasonable under the circumstances of the particular case. International Shoe, 326 U.S. at 316. The Supreme Court has stated that a court must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. Asahi Metal Ind. Co. v. Superior Ct. of Cal., Solano City, 480 U.S. 102, 113-14, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1986). Pursuant to Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 348 F. Supp. 1335, 1342 (D. Fla. 2004) (rev'd on other grounds), the shared interest of the states in furthering fundamental substantive social policies plays little role in patent disputes. Therefore this analysis will focus on the first four factors.

### 2.    Judicial Economy Does Not Weigh In Litepanels' Favor

Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources. Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 483 (D. Del. 1987). Litepanels points out that there are two pending actions in Texas. However, as shown

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

above, the differences between the products is likely to lead to substantially different claim interpretations and very different arguments regarding non-infringement.

Different defendants can certainly take different approaches to claim construction and arrive at equally supportable, but different, arguments based upon the same intrinsic evidence. Aero Prods. Int'l, Inc. v. Intex Rec. Corp., 2006 U.S. App. LEXIS 24586 (Fed. Cir. 2006). This can give rise to a different focus on what constitutes important claim terms for each case and what constructions may be supported by the intrinsic evidence. For example, the question of "illumination" (a claim limitation) will clearly be an issue in the Swit case and may not be as important in the Gekko case.

Here, Gekko makes and sells "ringlights" which bear a resemblance to the figures in the patent while Swit makes lights that sit on top of a camera. Swit and Gekko will therefore have very different arguments regarding non-infringement and the accused products will undoubtedly have different relationships to the patent claims. This fully justifies two separate actions.

> **3.    The Burden To The Defendants And Their Attorneys Is Less Than If The Case Were Venued In Texas**

Here, the burden on Litepanels will be minimal because both Litepanels' corporate headquarters and Litepanels' potential witnesses are all in Los Angeles County. Los Angeles is barely an hour and a half plane-ride from San Francisco.

Moreover, Defendants' primary counsel is located in San Francisco (mere minutes from the Courthouse), nearly eliminating counsel's burden of travel related costs and inconveniences. Presumably, if the case were to be transferred to Texas, Defendants' costs would rise, as they would be paying higher traveling costs for both witnesses and attorneys.

> **4.    California (And The Northern District) Has An Interest In Adjudicating This Case**

As both Swit and Litepanels sell products in California, and as Litepanels in particular sells a substantial amount of product in the Northern District, this District has an interest in adjudicating the case. Further, it is indisputable that the state of California has a greater interest than any other state in this country of adjudicating this matter, because Litepanels is domiciled in

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

Los Angeles County.  The Eastern District of Texas, on the other hand, has virtually no interest in this dispute, as Litepanels has failed to produce any evidence that Litepanels, Swit, or Varizoom does substantial business in the Eastern District.  Apparently, Litepanels' only alleged basis for jurisdiction there is a shipment of one product to Plano, Texas.

### 5.    Swit's Interest In Obtaining Convenient And Effective Relief is Paramount and Best Served in the Northern District

Swit's interest in obtaining convenient and effective relief is the strongest in the Northern District, where it would litigate this matter with its current attorneys who maintain an office in San Jose and have many matters in the area.  Ironically, with Litepanels' counsel conveniently located in San Francisco, Litepanels also will be able to obtain convenient and effective relief if this case remains in the Northern District.  The Eastern District of Texas, on the other hand, is inconvenient and will force Swit (as well as Litepanels) to incur additional travel costs and attorney's fees in litigating a dispute which is totally unrelated to the Texas courtroom.

For the aforementioned reasons, due process is satisfied because Litepanels is subject to the general jurisdiction of the Northern District and this lawsuit does not offend traditional notions of fair play and substantial justice.  Therefore, if the Northern District of California were a separate forum state, the defendant's contacts with the district would be sufficient to justify the Court's exercise of personal jurisdiction.  Accordingly, pursuant to 28 U.S.C. 1391(c), there is no doubt that Litepanels "resides" in the Northern District such that venue is proper pursuant to 1391(b)(1).  As such, 28 U.S.C. 1406(a), related to improper venue, is inapplicable here and is not proper grounds to either transfer or dismiss this case.

### D.    For the Convenience of the Parties, Witnesses, and in the Interest of Justice, the Case Should Remain in the Northern District

Litepanels argues that transfer is proper under 28 U.S.C. Section 1404(a) because of the previously pending lawsuit in Texas and because Varizoom is located in Texas.  However, this argument is incorrect as the Gekko lawsuit is the only significant connection to the Eastern District.  It is not disputed that Varizoom is located in Austin, which is clearly in the Western District of Texas.

1       Title 28 U.S.C. § 1404(a) provides that "For the convenience of the parties and witnesses,

2  in the interest of justice, a district court may transfer any civil action to any other district or

3  division where it might have been brought."  However, the moving party has the burden of

4  showing that the balance of conveniences weighs <u>heavily</u> in favor of the transfer in order to

5  overcome the strong presumption in favor of the plaintiff's choice of forum. <u>Decker Coal Co. v.</u>

6  <u>Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added); <u>Piper Aircraft</u>

7  <u>Co. v. Reyno</u>, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981).

8       When adjudicating a motion to transfer venue, a district court must balance a number of

9  case-specific factors, including: (1) the plaintiff's initial choice of forum; (2) the convenience of

10  the parties and witnesses; and (3) the interest of justice.  <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S.

11  22, 29 (1988); <u>Decker Coal Co.</u>, 805 F.2d at 842-43.  This Circuit set forth several considerations

12  that can be used in weighing these factors. These include: 1) plaintiff's choice of forum, 2)

13  convenience of the parties, 3) convenience of the witnesses, 4) ease of access to the evidence, 5)

14  familiarity of each forum with the applicable law, 6) feasibility of consolidation of other claims,

15  7) any local interest in the controversy, and 8) the relative court congestion and time of trial in

16  each forum.  <u>Decker Coal</u>, 805 F.2d at 843.

17       As discussed below, venue is proper in the Northern District of California.  (Even the

18  Central District of California would be more appropriate than the Eastern District of Texas).

19       **1.**      **Plaintiff's Choice of Forum**

20       In motions to transfer venue, there is a <u>strong presumption</u> in favor of plaintiff's choice of

21  forum. <u>Jarvis v. Marietta Corp.</u>, 1999 U.S. Dist. LEXIS 12659, 1999, WL 638231 (N.D. Cal.

22  1999) (citing <u>Piper Aircraft</u>, 454 U.S. at 255) (emphasis added).  Therefore, Litepanels bears the

23  burden of overcoming this presumption to demonstrate that the balance of inconveniences

24  substantially weighs in favor of transfer.  Litepanels' argument that Swit's suit was a case of

25  forum shopping and anticipatory fails to overcome this presumption.

26       Litepanels fails to establish that this is a case of forum shopping.  Here, the Northern

27  District has a well-established set of local patent law rules and is convenient for both Litepanels

28  and Swit (as discussed further below).  In fact, Litepanels is the party that is forum shipping as

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

1    the Eastern District of Texas has absolutely no connection to either Swit or Austin-based
2    Varizoom other than the shipment of <u>one</u> product to Plano, Texas.  Moreover, Litepanels has yet
3    to serve <u>any</u> of the Defendants in the mirror Texas litigation.

4         Litepanels cites <u>Royal Queentex Enteres v. Sara Lee Corp.</u>, No. C 99-4787, 2000 U.S.
5    Dist.. LEXIS 10139, at *10 (N.D. Cal. Mar 1, 2000) for the proposition that forum choice
6    deserves little deference when the plaintiff has supposedly forum shopped.  <u>Royal Queentex</u> was
7    similar to the case at bar in that Defendant Sara Lee sent a cease and desist letter threatening suit,
8    but failed to follow through with suit.  Similar to Swit, Royal Queentex filed an action for
9    declaratory relief which Sara Lee contended was anticipatory.  <u>Id</u>. at *16.  The court found no
10   merit in Sara Lee's arguments and denied the motion to transfer.  <u>Id</u>.

11        Swit's choice of forum weighs heavily in favor of not transferring this case to the Eastern
12   District of Texas.  While, Swit had a real and reasonable apprehension that it would be subject to
13   liability, Litepanels' numerous threats were not imminent and therefore did not form the basis for
14   an anticipatory suit as Litepanels claims.  Accordingly, the <u>strong presumption</u> in favor of Swit's
15   choice of forum is not outweighed by Litepanels allegations of forum shopping.

16              **2.     Convenience of Parties**

17        Litigating this case in the Northern District would be convenient to both parties.
18   Litepanels glosses over the fact that its headquarters is in Los Angeles County.  Litepanels also
19   conveniently fails to mention that traveling to the Court could hardly be made any easier for its
20   attorneys, as they are already located minutes away from the Courthouse in San Francisco.
21   Similarly, San Francisco is also a convenient venue for Swit's attorneys, who maintain an office
22   in San Jose.

23        Litepanels' only substantive argument here is that Varizoom is located in Austin and, as
24   such, travel to the Eastern District of Texas courthouse would be substantially more convenient
25   for Varizoom than traveling to San Francisco.  However, Varizoom is just a distributor for
26   Litepanels, and has no involvement in the design or manufacturing of the products in question.
27   Moreover, perhaps most telling, Varizoom is not a declaratory Plaintiff.    Varizoom's
28   participation in this litigation, if at all, will be minimal.  Therefore, for all of the aforementioned

- 10 -

**OPPOSITION TO MOTION TO DISMISS OR TRANSFER VENUE**

reasons, Litepanels has not met its burden to establish that the balance of inconveniences of the parties weighs highly in favor of transfer.

### 3.    Convenience of the Witnesses

One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of the witnesses. <u>Jarvis</u>, at *6. To demonstrate inconvenience, the moving party "should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action . . . The Court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony." <u>Steelcase, Inc. v. Haworth</u>, 41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996). In balancing the convenience of the witnesses, <u>primary consideration</u> is given to third party, as opposed to employee witnesses. <u>Jarvis</u> at *5 (emphasis added). In sum, Litepanels is required to provide information as to the identity and location of its third party witnesses, the content of their testimony, and indicate why their testimony is relevant to this case. <u>Id</u>, citing <u>Steelcase</u>, 41 U.S.P.Q.2D (BNA) at 1470.

Here, Litepanels has so far failed to specify <u>any</u> third party witnesses by identity, location, or testimonial content. Litepanels has also failed in many other respects to provide the necessary showing of inconvenience to warrant transfer of this case. Litepanels has not explained specifically who the inconvenienced witnesses will be, what their specific testimony will be, or how that testimony will be relevant to this case. <u>Steelcase</u>, 41 U.S.P.Q.2D (BNA) at 1470. Therefore, it is impossible to evaluate the role of these witnesses and realize the impact of a venue change on their function. <u>E. & J. Gallo Winery v. F. & P. S.p.A.</u>, 899 F. Supp. 465, 466 (E.D. Cal. 1994). For these reasons, Litepanels has clearly failed to establish that the balance of inconveniences of the witnesses weighs highly in favor of transfer.

### 4.    Ease of Access to Evidence

Absent any other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion for transfer. <u>STX, Inc. v. Trik Stik, Inc.</u>, 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). Here, Litepanels has again failed to offer any evidence

1  related to this factor and therefore has clearly failed to establish that this factor weighs highly in

2  favor of transfer.

3  **5.    Familiarity Of Each Forum With The Applicable Law**

4  This factor does not weigh in favor of transfer.  The Northern District has extensive

5  experience with patent cases, so much so that it has a particular set of patent local rules.  At this

6  point, the only applicable law will be that related to patents.  Accordingly, the California

7  judiciary is at least equally as capable of handling claims governed by patent law as Texas's

8  judiciary.

9  **6.    Feasibility Of Consolidation Of Other Claims**

10  Transfer is favored where it will allow consolidation with another pending action and

11  conserve judicial resources.  Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 483 (D. Del.

12  1987).  Litepanels points out that there are two pending actions, which could be consolidated.

13  However, as discussed above, the products at issue in Texas are so different from the products at

14  issue in California that the claim interpretations and infringement analyses will also necessarily

15  be different.  This indicates that consolidation would not be feasible or add judicial efficiency.

16  **7.    Local Interest In The Controversy**

17  California has significant interests in this controversy because Litepanels is a California

18  company and because Litepanels sells a substantial amount of products in California.

19  Furthermore, Litepanels' distributors obviously must ship a significant amount of products into

20  the Northern District through CA Media (located in Benicia) and the remainder of its 18

21  California distributors.  In contrast, the Eastern District of Texas has little to no interest in this

22  controversy, as neither Swit nor Varizoom are located in the Eastern District.  The only

23  connection to the Eastern District appears to the delivery of <u>one</u> product to Plano, Texas.

24  Accordingly, this factor does not weigh heavily in Litepanels' favor.

25  **8.    Relative Court Congestion**

26  Relative court congestion is at best, a minor factor in the section 1404 calculus.  IMS

27  Health, Inc. v. Vality Technology, Inc., 59 F. Supp. 2d 454, 471 (E.D. Pa. 1999).  Here, while

28  Litepanels neglected to mention this factor, there is evidence that the caseload in this District is

heavy – more so than in the Eastern District of Texas.  According to the Judicial Caseload Profiles for 2006, published by the Statistical Office of the Administrative Office of the United States Courts, the median time from filing to trial is 27.5 months in this Court as opposed to 14.5 months in the Eastern District of Texas.  Wolf Decl. ¶ 6.  However, this factor alone cannot control the overall balance of this Court's decision on Litepanels' motion to transfer.  Id.

**E.**   **Litepanels' Request To Dismiss The Declaratory Judgment Claim As To The '742 Patent Is Entirely Without Merit**

Here, Litepanels claims that there is no actual and justiciable controversy because Litepanels is not accusing Swit of infringing the '742 patent.  However, this is incorrect because in each cease and desist letter attached to the Fisher declaration, Litepanels claims that the accused Swit-made products infringe the '742 patent (as well as the '823 and '302 patents).  Therefore, as with the '823 and '302 patents, there is an actual and justiciable controversy between Swit and Litepanels.  Accordingly, Litepanels' request to dismiss the '742 patent from this Action should be denied.

**IV.**   **CONCLUSION**

For all of the aforementioned reasons, Swit respectfully requests that this Court deny Litepanels' motion to dismiss or transfer.  In the alternative, Swit requests that this case be transferred to the Central District of California.

The electronic filer hereby attests that the individual whose name appears has signed this document.  See General Order, Section X.

Dated: July 13, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____/s/Erick P. Wolf_____
    Richard F. Cauley
    Erick P. Wolf
    Larry E. Severin
    Attorney for Plaintiffs

- 13 -