# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LITEPANELS, LLC and<br>LITEPANELS, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>GEKKO TECHNOLOGY LTD., and<br>DAVID AMPHLETT<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 2-06cv-167<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFFS' THIRD AMENDED COMPLAINT

Plaintiffs Litepanels, LLC and Litepanels, Inc. file this Third Amended Complaint for infringement of United States Patent No. 6,749,310, a copy of which is attached hereto and to Plaintiffs' First Amended Complaint as Exhibit "A," and United States Patent No. 6,948,823, a copy of which is attached hereto and to Plaintiffs' First Amendment Complaint as Exhibit "B," and United States Patent No. 7,163,302, a copy of which is attached hereto as Exhibit "C," under 35 U.S.C. § 271, and in support thereof would respectfully show the Court the following:

### PARTIES

1. Plaintiff Litepanels, LLC is a California limited liability company with its principal place of business at 10932 Burbank Blvd., North Hollywood, CA 91601. Litepanels, LLC is the owner of the patents-in-suit.

2. Plaintiff Litepanels, Inc. is a California corporation with its principal place of business at 10932 Burbank Blvd., North Hollywood, CA 91601. Litepanels, Inc. is the exclusive licensee of the patents-in-suit from Litepanels, LLC.

3. Upon information and belief, Defendant Gekko Technology Ltd. ("Gekko") is a foreign corporation with its principal place of business at Unit 4, Gallery Works, Common Lane, Kenilworth, United Kingdom CV8 2EL. Gekko manufacturers and sells light systems and accessories (including lighting products branded "kisslite", "lenslite", and "k-lite").

4. Gekko maintains an interactive website at www.gekkotechnology.com. Upon information and belief, Gekko markets, advertises, sells, imports, and offers to sell lighting systems and accessories directly to consumers in the United States and, more particularly, in the Eastern District of Texas. Upon information and belief, Gekko has induced, directed, contracted with, or encouraged distributors, resellers, and similar entities to sell lighting systems and accessories to consumers in the United States and, more particularly, in the Eastern District of Texas.

5. Upon information and belief, Defendant David Amphlett is a citizen of the United Kingdom ("Amphlett") with his principal place of business at Unit 4, Gallery Works, Common Lane, Kenilworth, United Kingdom CV8 2EL.

6. Amphlett controls the management decisions of Gekko and/or is he alter ego of Geko, and is the central figure in the Company's wrongful infringing corporate activity. Amphlett, is personally liable for actively participating in, inducing, contributing to, and approving acts of patent infringement by Gekko.

7. Amphlett, through Gekko, manufactures and sells lighting systems and accessories, including lighting products branded "kisslite", "lenslite", and "k-lite". Upon information and belief, Amphlett, through Gekko, markets, advertises, sells, imports, and offers to sell lighting systems and accessories directly to consumers in the United States

and, more particularly, in the Eastern District of Texas.

8. Upon information and belief, Amphlett has induced, directed, contracted with, contributed to, or encouraged other persons, including distributors, resellers, and similar entities, to sell, offer to sell and import lighting systems and accessories in the United States and, more particularly, in the Eastern District of Texas.

## JURISDICTION AND VENUE

9. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, including 35 U.S.C. §§ 271 and 281-285. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Gekko.

11. Upon information and belief, Gekko has conducted business within the State of Texas.

12. Upon information and belief, Gekko has, directly or indirectly, shipped, imported, distributed, offered for sale, and advertised (including providing an interactive web site that, *inter alia*, directly links consumers to Gekko distributors and resellers for the online purchase of goods) products and services in and to the United States, the State of Texas, and the Eastern District of Texas.

13. Upon information and belief, Gekko has induced, directed, contracted with, or encouraged distributors, resellers, and similar entities to sell lighting systems and accessories to consumers in the United States and, more particularly, in the Eastern District of Texas.

14. Gekko has purposefully and voluntarily placed infringing products and services in the stream of commerce with the expectation that its products will be purchased by consumers in the Eastern District of Texas.

15. Gekko has committed patent infringement within the State of Texas and this District.

16. This Court also has personal jurisdiction over Gekko, in the alternative, pursuant to the Constitution and laws of the United States (including Federal Rule of Civil Procedure 4(k)(2)), even if Gekko is not subject to the jurisdiction of the courts of general jurisdiction of any state, consistent with the Constitution and laws of the United States.

17. This Court has personal jurisdiction over Amphlett.

18. Upon information and belief, Amphlett has directly or indirectly conducted business within the State of Texas.

19. Upon information and belief, Amphlett has directly or indirectly shipped, imported, distributed, offer for sale, and advertised (including the provision of an interactive web site that, *inter alia*, directly links consumers to Gekko distributors and resellers for the online purchase of goods) its products and services in and to the United States, the State of Texas, and the Eastern District of Texas.

20. Upon information and belief, Amphlett has induced, directed, contracted with, or encouraged distributors, resellers, and similar entities to sell lighting systems and accessories to consumers in the United States and, more particularly, in the Eastern District of Texas. Amphlett has directly or indirectly purposefully and voluntarily placed

infringing products and services in the stream of commerce with the expectation that its products will be purchased by consumers in the Eastern District of Texas. Amphlett has committed patent infringement within the State of Texas and this District.

21. This Court also has personal jurisdiction over Amphlett, in the alternative, pursuant to the Constitution and laws of the United States (including Federal Rule of Civil Procedure 4(k)(2)), even if Amphlett is not subject to the jurisdiction of the courts of general jurisdiction of any state, consistent with the Constitution and laws of the United States.

22. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400.

## PATENT INFRINGEMENT

23. Plaintiffs reallege and incorporate by reference ¶¶ 1 through 22 above as though fully set forth herein.

24. United States Patent No. 6,749,310 (hereinafter "the '310 patent"), entitled "Wide Area Lighting Effects System," duly and legally issued on June 15, 2004 by the United States Patent and Trademark Office after fair and full examination. Litepanels, LLC is the assignee of all rights, title and interest in and to the '310 patent. Litepanels, Inc. is the exclusive licensee of the '310 patent from Litepanels, LLC.

25. United States Patent No. 6,948,823 (hereinafter "the '823 patent"), entitled "Wide Area Lighting Apparatus and Effects System," duly and legally issued on September 27, 2005, by the United States Patent and Trademark Office after fair and full examination. Litepanels, LLC is the assignee of all rights, title and interest in and to the '823 patent. Litepanels, Inc. is the exclusive licensee of the '823 patent from Litepanels,

LLC.

26. United States Patent No. 7,163,302 (hereinafter "the '302 patent"), entitled "Camera-Mounted Semiconductor Lighting Appratus," duly and legally issued on January 16, 2007, by the United States Patent and Trademark Office after fair and full examination. Litepanels, LLC is the assignee of all rights, title and interest in and to the '302 patent. Litepanels, Inc. is the exclusive licensee of the '302 patent from Litepanels, LLC.

27. Gekko and Amphlett make, use, sell, import, or offer to sell lighting products and systems in competition with Litepanels, LLC and Litepanels, Inc. Upon information and belief, Gekko and Amphlett have knowingly and willfully infringed and are presently infringing the '310 patent, the '302 patent and the '823 patent by making, using, selling, importing, or offering to sell within the United States, or actively inducing others to make, use, sell, import, or offer to sell within the United States, goods and services that practice the '310 patent, the '302 patent and/or the '823 patent.

28. Gekko and Amphlett have infringed and continue to infringe the '310 patent, the '302 patent and the '823 patent directly and through acts of contributory infringement or inducement in violation of 35 U.S.C. § 271.

## REMEDIES

29. Plaintiffs reallege and incorporate by reference ¶¶ 1 through 28 above as though fully set forth herein.

30. Litepanels, LLC and Litepanels, Inc. have been damaged as a result of the infringing activities of Gekko and Amphlett and will continue to be damaged unless such

activities are enjoined by this Court.

31. Upon information and belief, Gekko and Amphlett's infringement of the '310 patent, the '302 patent, and the '823 patent has been and is willful, and will continue unless enjoined by this Court.

32. Gekko and Amphlett have received actual notice of Plaintiffs' rights in the '310 patent, the '302 patent and the '823 patent and their infringement thereof by written notice, by filing suit or otherwise, or, in the alternative, have been given constructive notice pursuant to 35 U.S.C. § 287(a).

33. Litepanels, LLC and Litepanels, Inc. will continue to suffer, and they will continue to be irreparably harmed if infringement of the '310 patent, the '302 patent and the '823 patent by Gekko and Amphlett continues.

34. This case is exceptional, and therefore, Litepanels, LLC and Litepanels, Inc. are entitled to attorneys' fees pursuant to 35 U.S.C. § 285.

## JURY DEMAND

35. Plaintiffs Litepanels, LLC and Litepanels, Inc. hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs Litepanels, LLC and Litepanels, Inc. respectfully request that the Court:

(a)  enter judgment for Litepanels, LLC and Litepanels, Inc. against Gekko and Amphlett on this Third Amended Complaint;

(b)     enter judgment declaring that the claims of the '310 patent, the '302 patent, and the '823 patent are valid and enforceable;

(c)     enter judgment that the '310 patent, the '302 patent, and the '823 patent have been and/or continue to be infringed by Gekko and Amphlett;

(d)     enter judgment awarding Litepanels, LLC and Litepanels, Inc. all damages adequate to compensate it for Gekko and Amphlett's infringement, such damages to be determined by a jury, and if necessary to adequately compensate Litepanels, LLC and Litepanels, Inc. for the infringement, an accounting with prejudgment interest.

(e)     enter a preliminary and permanent injunction enjoining Gekko, Amphlett, and those acting in privity with and/or in concert with Gekko and Amphlett from infringing the '310 patent during the remainder of the term of the '310 patent;

(f)     enter a preliminary and permanent injunction enjoining Gekko, Amphlett, and those acting in privity with and/or in concert with Gekko and Amphlett from infringing the '823 patent during the remainder of the term of the '823 patent;

(g)     enter a preliminary and permanent injunction enjoining Gekko and Amphlett and those acting in privity with and/or in concert with Gekko and Amphlett from infringing the '302 patent during the remainder of the term of the '302 patent;

(h)     enter judgment that Gekko and Amphlett have willfully infringed the '310 patent, the '302 patent, and the '823 patent and an award of enhanced damages to Plaintiffs Litepanels, LLC and Litepanels, Inc. pursuant to 35 U.S.C. § 284;

(i)     enter judgment that this case is an exceptional case and an award of attorneys fees and costs to Litepanels, LLC and Litepanels, Inc. pursuant to 35 U.S.C. §

285; and

(j)　　enter judgment awarding Litepanels, LLC and Litepanels, Inc. such other relief as this Court may deem is just and proper.

DATED: June 18, 2007　　　　　　　　　　　　　　Respectfully submitted:

By: /s/ S. Calvin Capshaw
　　S. Calvin Capshaw
　　State Bar No. 03783900
　　BROWN McCARROLL LLP
　　1127 Judson Road, Suite 220,
　　P.O. Box 3999
　　Longview, Texas 75601-5157
　　Telephone: (903) 236-9800
　　Facsimile: (903) 236-8787
　　E-Mail: ccapshaw@mailbmc.com

　　Henry Bunsow
　　California State Bar No. 60707
　　K. T. Cherian
　　California State Bar No. 133967
　　Robert F. Kramer
　　California State Bar No. 181706
　　HOWREY LLP
　　525 Market Street, Suite 3600
　　San Francisco, California 94105
　　Telephone: (415) 848-4900
　　Facsimile: (415) 848-4999
　　E-Mail: bunsowh@howrey.com
　　E-Mail: cheriank@howrey.com
　　E-Mail: kramerR@howrey.com

　　**ATTORNEYS FOR PLAINTIFFS LITEPANELS, LLC and LITEPANELS, INC.**

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this motion was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by appropriate international mail on this the 18th day of June, 2007.

/s/ S. Calvin Capshaw
S. Calvin Capshaw