1  Henry C. Bunsow (SBN 60707)
   bunsowH@howrey.com
2  K.T. Cherian (SBN 133967)
   cherianK@howrey.com
3  Robert Kramer (SBN 181706)
   kramerR@howrey.com
4  HOWREY LLP
   525 Market Street, Suite 3600
5  San Francisco, California  94105
   Telephone:  (415) 848-4900
6  Facsimile:  (415) 848-4999

7  Joshua A. Burt (SBN 222302)
   burtj@howrey.com
8  HOWREY LLP
   550 South Hope Street, Suite 1100
9  Los Angeles, California 90071
   Telephone: (213) 892-1946
10 Facsimile (213) 402-8137

11
   Attorneys for Defendant
12 LITEPANELS, LLC

13

14                  IN THE UNITED STATES DISTRICT COURT

15              FOR THE NORTHERN DISTRICT OF CALIFORNIA

16                       SAN FRANCISCO DIVISION

17

18 SWIT ELECTRONICS CO., LTD,          )  Case No. C-07-02645-JSW
                                       )  Jury Trial
19            Plaintiff,               )
                                       )  **LITEPANELS, LLC'S NOTICE OF**
20       vs.                           )  **MOTION AND MOTION TO STRIKE**
                                       )  **HEARSAY STATEMENTS IN**
21 LITEPANELS, LLC,                    )  **DECLARATION OF ERICK P. WOLF IN**
                                       )  **SUPPORT OF PLAINTIFF SWIT'S**
22            Defendant.               )  **OPPOSITION TO MOTION TO DISMISS**
                                       )  **OR TRANSFER VENUE**
23                                     )
                                       )
24 _____ )

25        TO PLAINTIFF AND ITS COUNSEL OF RECORD:

26
27        Defendant Litepanels, LLC moves pursuant to Civil Local Rule 7-5, Fed. R. Civ. Proc. Rule

28 56(e), and the Fed. R. Evid. Rules 402, 602, and 802 to strike the unreliable hearsay statements set

forth in Paragraphs 2-5 of the Declaration of Erick P. Wolf In Support of Plaintiff Swit's Opposition to Motion to Dismiss or Transfer Venue dated July 13, 2007.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.    INTRODUCTION

Pursuant to Civil L.R. 7-5, Swit Electronics Co., Ltd. ("Swit") filed the declaration of Mr. Erick P. Wolf, an attorney of record for declaratory plaintiff Swit.  Mr. Wolf's declarations contains unreliable and irrelevant hearsay statements purportedly made by unidentified employees "Debbie," "Tommy," and "Mike" of certain nonparty distributors allegedly establishing that nonparty Litepanels, Inc. conducts business in this district.  Litepanels LLC objects to the hearsay statements in Mr. Wolf's declaration and respectfully requests that the Court strike the Declaration of Erick P. Wolf as failing to comply with Civil L.R. 7-5 and Rules 401-403 and 801-803 of the Federal Rules of Evidence, specifically for relying on impermissible hearsay that is unreliable and irrelevant.

## II.    OBJECTIONS

Civil Local Rule 7-5 provides that "[a]n affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument… An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."  Fed. R. Civ. Proc. Rule 56(e), which is invoked by Local Rule 7-5, provides that "opposing affidavits… shall set forth such acts as would be admissible in evidence."  The Federal Rules of Evidence make it clear that only relevant evidence is admissible.  Fed. R. Evid. Rules 402 ("Evidence which is not relevant is not admissible.").  Furthermore, the Federal Rules of Evidence preclude the use of hearsay evidence. Fed. R. Evid. Rule 802 ("Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress."  Finally, a witness may not testify to matters it does not have personal knowledge of. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

### A.    Paragraph 2

Paragraph 2 of Mr. Wolf's declaration is irrelevant under Fed. R. Evid. Rule 402.  This

Case No. C-07-02645-JSW
LITEPANELS' MOT. TO STRIKE HEARSAY STATEMENTS IN WOLF DECLARATION

paragraph refers to the www.litepanels.com website and claims that it discloses the location of Litepanels LLC, the Defendant in this case. However, this website is operated by Litepanels Inc., a company that is not a party to this case.[1] Furthermore, the assertions made on the website are inadmissible hearsay under Fed. R. Evid. Rule 802 because they are not made by a party-opponent in this litigation and cannot be considered admissions under Fed. R. Evid. Rule 801(d)(2).

### B.    Paragraph 3-5

In each of paragraphs 3 through 5 of Mr. Wolf's declaration, Mr. Wolf describes statements made by individuals — "Debbie," "Tommy," and "Mike" — that he claims to be distributors for products manufactured by non-party Litepanels Inc. Again, these statements are irrelevant under Fed. R. Evid. Rule 402 because the Litepanels Inc. is not a party to this case and there is no allegation by Swit that Litepanels, Inc. is an alter ego of defendant Litepanels LLC. Any sales activities of non-party Litepanels Inc. are irrelevant to this motion. Furthermore, Mr. Wolf is merely reciting what he purportedly learned from third parties without any support or context to understand what questions they were responding to or why they allegedly made the statements recited in the Wolf declaration. This is clearly inadmissible hearsay and shows that Mr. Wolf lacks the personal knowledge required to testify to these alleged facts. Fed. R. Evid. Rules 602 and 802.

With respect to the hearsay rule, Mr. Wolf is clearly attempting to use these statements as "to prove the truth of the matter asserted." Fed. R. Evid. Rule 801(c) ("'Hearsay is a statement, other than one made by the declarant… offered in evidence to prove the truth of the matter asserted."). The individuals quoted, "Debbie from CA Media," "Tommy from Express Video Supply," and "Mike from Cineme Gadgets," are not employed by the Defendant and thus are not party admissions. None of the exceptions to the hearsay rules apply to these out of court statements by non-parties.

---

[1] *See* Declaration of Kevin Baxter in Support of Defendant's Reply at ¶2, Exh. A.

**III.    CONCLUSION**

For the foregoing reasons, Litepanels respectfully requests the Court strike the impermissible evidence referred to above.

Dated:  July 20, 2007

Respectfully submitted,

**HOWREY, LLP**

By: /s/ Robert F. Kramer _____ ___
          Robert F. Kramer
Attorneys for Defendant
LITEPANELS, LLC

HOWREY LLP

Case No. C-07-02645-JSW
LITEPANELS' MOT. TO STRIKE HEARSAY STATEMENTS IN WOLF DECLARATION