**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Erick P. Wolf (SBN: 224906)
Larry E. Severin (SBN: 223409)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIT ELECTRONICS CO., LTD, a China corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LITEPANELS LLC., a California limited liability company, and LITEPANELS INC., a California corporation,<br><br>Defendant. | Case No. C 07-02645 JCS<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. DECLARATORY JUDGMENT OF NON-INFRINGEMENT; AND<br>2. DECLARATORY JUDGMENT OF INVALIDITY;<br><br>DEMAND FOR JURY TRIAL |

Plaintiff SWIT Electronics Co. Ltd. ("SWIT"), for its complaint against Defendants Litepanels, LLC and Litepanels, Inc., states as follows:

## NATURE OF THE ACTION

1. This is an action for declaratory relief regarding invalidity and non-infringement of U.S. Patent Nos. 6,948,823, 7,140,742, and 7,163,302 (collectively the "patents at issue"), a true and correct copy of each of which are attached as Exhibits 1, 2 and 3, respectively, to this First Amended Complaint.

## PARTIES

2. Plaintiff SWIT is a China corporation with a principal place of business at 10 Heng Tong Road, Xin'gang, Nanjing Economic and Technological Development Zone, 210038, Nanjing, P. R. China.

3. Defendant Litepanels, LLC is a California limited liability company with a principal place of business at 10932 Burbank Blvd, North Hollywood, CA 91601.

4. Defendant Litepanels, Inc. is a California corporation with a principle place of business at 10932 Burbank Blvd, North Hollywood, CA 91601. Upon information and belief, Litepanels, Inc. is the exclusive licensee of the patents at issue from Litepanels, LLC.

## JURISDICTION AND VENUE

5. This action seeks declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and under the Patent Laws of the United States, including 35 U.S.C. § 1 et seq. It presents an actual case or controversy under Article III of the United States Constitution and serves a useful purpose in clarifying and settling the legal rights at issue.

6. This Court has subject matter jurisdiction over this action under 28 U.S.C. Sections 1331 and 1338(a).

7. This Court has personal jurisdiction over Litepanels, LLC as, on information and belief, it solicits, transacts, and is regularly doing business within California and this District.

8. This Court has personal jurisdiction over Litepanels, Inc. as, on information and belief, it solicits, transacts, and is regularly doing business within California and this District.

**FIRST AMENDED COMPLAINT**

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and/or 1400(b).

## FACTS

10. On or about February 13, 2007, attorneys for Litepanels, LLC and Litepanels, Inc. sent Swit distributor, Varizoom Lens Controls ("Varizoom") a letter alleging that SWIT-made VZ S2000 and VZ S2010 lighting products infringed the patents at issue. The letter demanded that "Varizoom cease and desist from making, importing, selling, or offering to sell any products which infringe Litepanels patents…" A true and correct copy of this letter is attached as Exhibit 4.

11. On or about March 21, 2007, attorneys for Litepanels, LLC sent Varizoom another letter alleging that the VZ S2000 and VZ S2010 infringed the patents at issue. The letter again demanded that "Varizoom cease and desist from making, importing, selling, or offering to sell any products which infringe Litepanels patents…" A true and correct copy of this letter is attached as Exhibit 5.

12. On or about March 27, 2007, attorneys for Litepanels, LLC sent Varizoom yet another letter alleging that the VZ S2000 and VZ S2010 infringed the patents at issue. The letter stated that "Litepanels has spent many years and expended considerable resources in literally creating and building the market for LED-based lighting products for the film and video industries, including producing the successful Litepanels Mini and similar products. To protect its substantial investment and efforts in this field, Litepanels vigorously enforces it patents rights and is now greatly concerned about Varizoom's unauthorized use of its patented technology." The letter went on to demand that "Varizoom immediately cease and desist from making, importing, selling, or offering to sell any products which infringe Litepanels patents…" A true and correct copy of this letter is attached as Exhibit 6.

13.     On or about April 17, 2007, Litepanels, LLC sent SWIT a letter alleging that SWIT's S2000 and S2010 lighting products infringed Litepanels' patents which include the patents at issue. The letter demanded that "Swit <u>immediately cease and desist selling, offering to sell, showing or otherwise marketing, or importing</u> these infringing products within or into the United States or its territories. You are, in effect, trespassing on property that is not yours. <u>This demand also includes that you immediately stop displaying these products at the NAB tradeshow.</u>" (Emphasis in original) The letter further states that "[Y]our actions to date are exposing you to significant legal damages including my client's lost profits. Such damages could be tripled by a court of law. Additionally, you could be required to pay my client's attorney's fees for willful disregard of my client's patent rights." A true and correct copy of this letter is attached as Exhibit 7.

14.     In the demand letter attached as Exhibit 6, Litepanels, LLC represented to Varizoom that it literally created and built the market for LED-based lighting products, that it produced Litepanels products, and that Varizoom caused it to loose profit.

15.     In the demand letter attached as Exhibit 7, Litepanels LLC represented to SWIT that it literally created and built the market for LED-based lighting products, that it produced Litepanels products, and that SWIT caused it to loose profits.

16.     Upon information and belief, Litepanels, LLC did not create and build the market for LED-based lighting products and has never produced Litepanels products.

17.     Upon information and belief, Litepanels, LLC and Litepanels, Inc. intentionally deceived Varizoom and SWIT by failing to disclose the identity of Litepanels, Inc. as the exlusive licensee of the patents in suit as well as the exclusive producer of Litepanels products.

18. Upon information and belief, Defendants at all times mentioned herein, were acting individually and/or as the agent, servant, partner, employee, and/or alter ego of one or more of the other Defendants, and if acting as the agent, servant, partner, employee, and/or alter ego of one or more of the other Defendants in doing the things alleged herein, was acting within the scope of such agency, servitude, partnership and/or employment.

## First Cause of Action
## (Declaratory Judgment of Non-Infringement)

19. SWIT repeats and realleges paragraphs 1 through 18 as though fully set forth herein.

20. Litepanels, LLC and Litepanels, Inc. have claimed that SWIT's lighting products including the S2000 and S2010 infringe the patents at issue and has demanded that SWIT cease and desist offering to sell these products in the United States.

21. An actual, present, and justiciable controversy has arisen between Litepanels, LLC, Litepanels, Inc. and SWIT concerning SWIT's right to sell its lighting products including the S2000 and S2010 in the United States.

22. SWIT seeks declaratory judgment from this Court that its lighting products including the S2000 and S2010 do not infringe the patents at issue.

## Second Cause of Action
## (Declaratory Judgment of Invalidity)

23. SWIT repeats and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Litepanels, LLC and Litepanels, Inc. claim that the patents at issue are valid and enforceable patents, while SWIT believes the patents at issue are invalid and unenforceable.

25. An actual, present, and justiciable controversy has arisen between Litepanels, LLC and Litepanels, Inc. and SWIT concerning the validity and enforceability of the patents at issue.

26. SWIT seeks declaratory judgment from this Court that the patents at issue are invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, SWIT requests that the Court grant the following relief:

A. A declaratory judgment against Litepanels, LLC and Litepanels, Inc. that SWIT's lighting products including the S2000 and S2010 do not infringe the patents at issue;

B. A declaratory judgment against Litepanels, LLC and Litepanels, Inc. that the patents at issue are invalid and unenforceable;

C. Attorneys' fees;

D. Costs; and

E. For such other and further relief as the Court may deem proper.

Dated: May 17, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Erick P. Wolf
Larry E. Severin
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial as provided by Rule 38 of the Federal Rules of Civil Procedure.

Dated: May 17, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Erick P. Wolf
Larry E. Severin
Attorney for Plaintiff

FIRST AMENDED COMPLAINT