1  **WANG, HARTMANN & GIBBS, P.C.**
   A Professional Law Corporation
2  Richard F. Cauley (SBN: 109194)
   Erick P. Wolf (SBN: 224906)
3  Larry E. Severin (SBN: 223409)
   Peter O. Huang (SBN: 203999)
4  1301 Dove Street, Suite 1050
   Newport Beach, CA 92660
5  Telephone: (949) 833-8483
   Facsimile: (949) 833-2281

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIT ELECTRONICS CO., LTD, a China corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LITEPANELS LLC., a California limited liability company, and<br>LITEPANELS INC., a California corporation,<br><br>Defendant. | Case No. C-07-02645 JSW<br><br>**PLAINTIFF SWIT'S OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**<br><br>Hearing Date: October 12, 2007<br>Time: 9:00 a.m.<br>Judge: Hon. Jeffrey S. White<br>Courtroom: 2, 17th Floor |

- i -

OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE

# TABLE OF CONTENTS

**PAGE**

I. INTRODUCTION ..............................................................................................................1

II. FACTUAL BACKGROUND............................................................................................2

    A. Litepanels, LLC and Litepanels, Inc. v. Gekko Technology Ltd. .............................2

    B. Litepanels' Substantial Connections to California and the Northern District............4

    C. Litepanels' Cease and Desist Letters..........................................................................5

III. ARGUMENT......................................................................................................................5

    A. Swit was the First to File............................................................................................5

        1. First-To-File Rule reinforces Swit's Right to its Choice of Venue..................5

    B. Pursuant to 28 U.S.C 1391, So Long as Litepanels is Subject to Personal Jurisdiction, Venue is Proper in the Northern District............................................6

    C. Personal Jurisdiction Exists over Litepanels in the Northern District of California ..................................................................................................................6

        1. Swit is Subject to General Jurisdiction in the Northern District ....................7

        2. Judicial Economy Does Not Weigh in Litepanels' Favor................................7

        3. The Burden to the Defendants and Their Attorneys is Less than if Case were Venued in Texas...........................................................................8

        4. California (And the Northern District) Has an interest in Adjudicating this Case ..............................................................................................................8

        5. Swit's Interest in Obtaining Convenient and effective relief is Paramount and Best Served in the Northern District.......................................................9

    D. For the Convenience of the Parties, Witness, and in the Interest of Justice, the Case should Remain in the Northern District ....................................................9

        1. Plaintiff's Choice of Forum............................................................................10

        2. Convenience of Parties ..................................................................................11

        3. Convenience of the Witnesses.......................................................................12

        4.     Ease of Access to Evidence ................................................................. 13

        5.     Familiarity of Each Forum with the Applicable Law ................................... 13

        6.     Feasibility of Consolidation of Other Claims .............................................. 13

        7.     Local Interest in the Controversy ............................................................. 13

        8.     Relative Court Congestion ....................................................................... 14

    E.    Declaratory Judgment Against Exclusive Licensee ............................................... 14

IV.    CONCLUSION ................................................................................................................ 15

**TABLE OF AUTHORITIES (IN ALPHABETICAL ORDER)**

PAGE

**Cases**

Aero Prods. Int'l, Inc. v. Intex Rec. Corp
    2006 U.S. App. LEXIS 24586 (Fed. Cir. 2006) ...................................................................8

Asahi Metal Ind. Co. v. Superior Ct. of Cal., Solano City
    480 U.S. 102, 113-14, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1986) .........................................7

Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.
    F. Supp. 2d 1335, 1342 (D. Fla. 2004) ...............................................................................7

Chrysler Capital Corp. v. Woehling
    663 F. Supp. 478, 483 (D. Del. 1987).............................................................................7, 13

Decker Coal Co. v. Commonwealth Edison Co.
    805 F.2d 834, 843 (9th Cir. 1986) .....................................................................................10

E. & J. Gallo Winery v. F. & P. S.p.A
    899 F. Supp. 465, 466 (E.D. Cal. 1994) ............................................................................12

Guthy-Renker Fitness, L.L.C. v. Icon Heath & Fitness, Inc.
    179 11 F.R.D. 264, 269 (C.D. Cal. 1998) ...........................................................................6

IMS Health, Inc. v. Vality Technology, Inc.,
    59 F. Supp. 2d 454, 471 (E.D. Pa. 1999). ........................................................................14

Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.
    248 F.3d 1333, 1346 (Fed. Cir. 2001) ...............................................................................14

International Shoe Co. v. Washington
    326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945).......................................................6

Jarvis v. Marietta Corp
    1999 U.S. Dist. LEXIS 12659, 1999, WL 638231 (N.D. Cal. 1999)................................10

MedImmune, Inc. v. Genentech, Inc,
    127 S. Ct. 764, 771 (2007)................................................................................................14

Pacesetter Sys., Inc. v. Medtronic, Inc
    678 F.2d 93, 94-95 (9th Cir. 1982)......................................................................................5

Piper Aircraft Co. v. Reyno,
    454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981) .......................................10

Prima Tek II, L.L.C. v. A-Roo Co
    222 F.3d 1372, 1377 (Fed. Cir. 2000) ..................................................................14

Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc
    148 F.3d 1355, 1359 (Fed. Cir. 1998) ...................................................................7

Royal Queentex Enteres v. Sara Lee Corp
    2000 U.S. Dist.. LEXIS 10139, at *10 (N.D. Cal. Mar 1, 2000) ........................11

Steelcase, Inc. v. Haworth,
    41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996) ..........................................12

Stewart Org. v. Ricoh Corp.,
    487 U.S. 22, 29 (1988); ........................................................................................10

STX, Inc. v. Trik Stik, Inc
    708 F. Supp. 1551, 1556 (N.D. Cal. 1988) ..........................................................13

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     INTRODUCTION

Litepanels, LLC is the owner of the patents at issue, and Litepanels, Inc. is the exclusive licensee. Swit filed a First Amended Complaint on July 24, 2007 joining Litepanels, Inc. as co-defendant. This made Litepanels' first motion to dismiss moot. However, most of the issues in Litepanels' first motion are the same as those in the motion at issue.

Defendants Litepanels, LLC and Litepanels, Inc. (collectively "Litepanels") are forced to admit that Plaintiff Swit Electronics, Inc. ("Swit") was first to file its Complaint in this case. Plaintiff's choice of forum must therefore be respected. Litepanels has not shown that its later-filed Complaint in the Eastern District of Texas somehow compels the Court to dismiss or transfer this Action.

Venue is proper in the Northern District because Litepanels' distributors continuously and systematically ship product to various cities in the Northern District - thereby meeting the requirements for general jurisdiction. At the present, Swit has discovery pending including subpoenas to Litepanels' distributors as well as documents requests to Litepanels' that will further substantiate Litepanels clear connection to the Northern District. Moreover, the Northern District is perfectly located for the convenience of Los Angeles based Litepanels and its San Francisco based counsel. Furthermore, there are significant differences between this Action and the action in the Eastern District of Texas so that litigation in Texas would be contrary to judicial economy.

Contrary to Litepanels' representations it would be highly inconvenient to transfer this Action to the Eastern District of Texas. First, the Northern District's superior familiarity with patent issues, including the implementation of Patent Local Rules, makes it an ideal forum. Second, not one party in either case resides in the Eastern District of Texas. Both Litepanels entities are incorporated in California and do business in Los Angeles, both entities also share the same counsel in San Francisco, Swit is a China corporation, its counsel maintains a San Jose office, and distributor Varizoom is in Austin (in the Western District of Texas). The distinct

issues in this case will render a transfer to Texas judicially inefficient. Litepanels has provided no significant evidence to the contrary and has certainly not met its heavy burden as to transfer.

Finally, Litepanels, Inc. contention that it is not subject to suit is entirely without merit. Controlling case law clearly holds that Litepanels, Inc. as an exclusive licensee of Litepanels, LLC would have standing to bring an action on behalf of the '655 patent and therefore must be subject to a declaratory judgment action. Moreover, Litepanels, Inc. is already a party to the Texas litigation, asserting, along with Litepanels, LLC, that Swit infringed the patents at issue.

Litepanels' Renewed Motion should therefore be denied in its entirety.

## II.   FACTUAL BACKGROUND

The declarations referred to herein are the declarations of Robert F. Kramer and Ken Fisher filed June 15, 2007 in support of Litepanels' first motion to dismiss, and of Erick Wolf filed July 13, 2007, in support of Swit's opposition to that motion.

### A.   Litepanels, LLC and Litepanels, Inc. v. Gekko Technology Ltd.

Last April, Litepanels sued Gekko Technology Ltd. ("Gekko") in the Eastern District of Texas over alleged infringement of U.S. Patent No. 6,948,823 ("the '823 patent") and U.S. Patent No. 6,749,310 ("the '310 patent"). See Motion to Dismiss, Declaration of Robert F. Kramer ("Kramer Decl."), ¶ 4. While Litepanels claims that the Texas case should be consolidated with this Northern District case, the accused Gekko and Swit products are quite different. For instance, Gekko makes and sells "ringlights" which bear a resemblance to the figures in the patent, while Swit makes compact lights that sit on top of a camera. Swit and Gekko will therefore have very different arguments regarding non-infringement. Although in its reply regarding LitePanels' first motion to dismiss (which was mooted by the filing of Swit's Amended Complaint), LitePanels asserted that one of Gekko's products bears a superficial resemblance to Swit products, the principal focus will be on ringlights. In summary, Swit and Gekko products undoubtedly have different relationships to the patent claims, fully justifying two separate actions.

A visual comparison between the '823 patent, the Gekko products, and the Swit products is set forth as follows:

| Litepanels patent - US 6,948,823 | Gekko products - KissLite and LensLite | SWIT products - S2000 and S2010 |
|---|---|---|
| Fig. 4 | KissLite | S2000 |
| Fig. 38A | | S2010 |



**B.      Litepanels' Substantial Connections to California and the Northern District**

Contrary to the Fisher declaration, Litepanels conducts substantial business in the Northern District. Litepanels' Benicia distributor, CA Media Solutions ("CA Media"), is located a mere 30 miles from Oakland, 37 miles from San Francisco, 23 miles from Napa, and 32 miles from Sonoma. Wolf Decl. ¶ 2[1]. Thus, Litepanels' has an office for distributing its products which is located barely half an hour's drive from many major commercial centers in the Northern District.

CA Media has confirmed that it has sold Litepanels' products to businesses in San Jose and all over the Bay Area. Wolf Decl. ¶ 3. Similarly, Express Video Supply ("EVS") of Glendale, another Litepanels distributor, explained that it would be no problem shipping Litepanels products to the Bay Area, in particular to San Jose if needed. Wolf Decl. ¶ 4.

---

[1] The declaration of Erick Wolf was filed July 13, 2007, in support of Swit's opposition to Litepanels' first motion.

Further, Cinema Gadgets in Burbank indicated that that they had previously shipped product to San Jose, and that it would be no problem to ship Litepanels products to San Jose again. Wolf Decl. ¶ 5.

### C. Litepanels' Cease and Desist Letters

Beginning in a February 13, 2007 letter, Litepanels began threatening legal action over the Swit-made Varizoom VZ S2000 and the VZ S2010 LED lights. Litepanels alleged that Varizoom was infringing the '823 patent, U.S. Patent No. 7,162,302 ("the '302 patent"), and U.S. Patent No. 7,140,742 ("the '742 patent") and demanded that Varizoom cease and desist allegedly infringing activities. See Fisher Decl., Exhibit B. Notably, Litepanels <u>never</u> threatened any action against Swit in connection with the '310 patent (the subject of the Texas litigation), and Litepanels has <u>never</u> asserted any action against Gekko in connection with the '742 patent (the subject of the California litigation).

Litepanels wrote Varizoom again on March 21st with similar demands and then wrote again on March 27th, both times threatening legal action by March 30, 2007. See Fisher Decl., Exhibit C. On April 17th, Litepanels wrote Swit directly, making similar threats of infringement. See Fisher Decl., Exhibit F. This fourth letter explicitly demanded that Swit immediately cease and desist allegedly infringing activities by the time of the NAB tradeshow (April 16th–18th). <u>Id</u>. However, the NAB deadline came and went with still no action by Litepanels. Finally, on May 17th, Swit filed its Complaint for Declaratory Relief to resolve Litepanels' threats, which were hanging over Swit's business.

## III. ARGUMENT

### A. Swit was the First to File

#### 1. First-To-File Rule Reinforces Swit's Right to its Choice of Venue

The "first to file" rule clearly holds that Swit's first-filed complaint takes precedence over Litepanels' later filed complaint. This rule derives from "sound judicial administration" and "should not be disregarded lightly." Pacesetter Sys., Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). Indeed, "unless compelling circumstances justify departure from the rule,

the first-filing party should be permitted to proceed without concern about a conflicting order being issued in a later-filed action." Guthy-Renker Fitness, L.L. C. v. Icon Heath & Fitness, Inc., 179 11 F.R.D. 264, 269 (C.D. Cal. 1998). This rule applies with equal force when the first-filed complaint is one for declaratory relief. Id. at 274 (applying first-to-file rule in favor of prior declaratory relief action, despite claims that filing was "anticipatory"). Here it is not disputed that Swit's complaint preceded Litepanels' complaint by at least two weeks, and as such binding authority holds that Swit's choice of venue should not be overridden.

### B. Pursuant to 28 U.S.C. 1391, So Long As Litepanels Is Subject to Personal Jurisdiction, Venue Is Proper In The Northern District

Under 28 U.S.C. § 1391 (b) (1), venue is proper in a judicial district "where any defendant resides." Litepanels incorrectly argues that venue is improper in the Northern District because Litepanels resides in the Central District. Motion to Dismiss at 5:17-22. However, Subsection (c) of Section 1391 defines where a corporate defendant such as Litepanels "resides":

> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is <u>subject to personal jurisdiction</u> at the time the action is commenced…

28 U.S.C. § 1391(c) (emphasis added).

Therefore, so long as Litepanels is subject to personal jurisdiction in the Northern District, Litepanels "resides" in this judicial district and venue is proper. This is the case, as discussed below.

### C. Personal Jurisdiction Exists Over Litepanels In The Northern District of California

Litepanels is a Los Angeles-based technology and licensing company. Litepanels, Inc. is similarly a Los Angeles-based company. Therefore there is absolutely no question that Litepanels is subject to the jurisdiction of its home state, California. Due process requires that the defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945) (quotation omitted). Clearly, due process is satisfied if the defendant has "continuous and

- 6 -
OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE

systematic contacts" with the forum, even if the cause of action does not arise out of or relate to those contacts. Red Wing Shoe Co. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1359 (Fed. Cir. 1998). This is referred to as "general jurisdiction." Id. Here, the test will be applied to the Northern District for the purposes of the venue statute.

### 1. Swit Is Subject To General Jurisdiction In the Northern District

Contrary to the Fisher declaration, Litepanels is subject to general personal jurisdiction in the Northern District. Litepanels' distributor CA Media is within 30 miles of at least four major cities in the Northern District. Wolf Decl. ¶ 7. Moreover, two other distributors in Los Angeles County have confirmed that they ship Litepanels products to the Bay Area, including San Jose and other cities within the Northern District. Wolf Decl. ¶ 8. Litepanels cannot deny that it conducts substantial business in the Northern District and that its contacts are continuous and systematic.

The second stage of the due process inquiry asks whether the assertion of personal jurisdiction comports with "traditional notions of fair play and substantial justice" -- that is, whether it is reasonable under the circumstances of the particular case. International Shoe, 326 U.S. at 316. The Supreme Court has stated that a court must evaluate the following factors as part of this "reasonableness" analysis: (1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interest in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies. Asahi Metal Ind. Co. v. Superior Ct. of Cal., Solano City, 480 U.S. 102, 113-14, 94 L. Ed. 2d 92, 107 S. Ct. 1026 (1986). Pursuant to Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 348 F. Supp. 2d 1335, 1342 (D. Fla. 2004) (rev'd on other grounds), the shared interest of the states in furthering fundamental substantive social policies plays little role in patent disputes. Therefore this analysis will focus on the first four factors.

### 2. Judicial Economy Does Not Weigh In Litepanels' Favor

Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources. Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 483 (D. Del.

- 7 -

OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE

1987). Litepanels points out that there are two pending actions in Texas. However, as shown above, the differences between the products is likely to lead to substantially different claim interpretations and very different arguments regarding non-infringement.

Different defendants can certainly take different approaches to claim construction and arrive at equally supportable, but different, arguments based upon the same intrinsic evidence. Aero Prods. Int'l, Inc. v. Intex Rec. Corp., 2006 U.S. App. LEXIS 24586 (Fed. Cir. 2006). This can give rise to a different focus on what constitutes important claim terms for each case and what constructions may be supported by the intrinsic evidence. For example, the question of "illumination" (a claim limitation) will clearly be an issue in the Swit case and may not be as important in the Gekko case.

Here, Gekko makes and sells "ringlights" which bear a resemblance to the figures in the patent while Swit makes lights that sit on top of a camera. Swit and Gekko will therefore have very different arguments regarding non-infringement and the accused products will undoubtedly have different relationships to the patent claims. This fully justifies two separate actions.

### 3. The Burden To The Defendants And Their Attorneys Is Less Than If The Case Were Venued In Texas

Here, the burden on Litepanels will be minimal because both Litepanels' corporate headquarters and Litepanels' potential witnesses likely reside in Los Angeles County. Los Angeles is barely an hour and a half plane-ride from San Francisco.

Moreover, Defendants' primary counsel is located in San Francisco (mere minutes from the Courthouse), nearly eliminating counsel's burden of travel related costs and inconveniences. If the case were to be transferred to Texas, Defendants' costs may rise, as they would likely be paying higher traveling costs for both witnesses and attorneys.

### 4. California (And The Northern District) Has An Interest In Adjudicating This Case

As both Swit and Litepanels sell products in California, and as Litepanels in particular sells a substantial amount of product in the Northern District, this District has an interest in adjudicating the case. Further, it is indisputable that the state of California has a greater interest

- 8 -

OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE

than any other state in this country of adjudicating this matter, because Litepanels is domiciled in Los Angeles County. The Eastern District of Texas, on the other hand, has virtually no interest in this dispute, as neither Litepanels, Swit, nor Varizoom is located in or does substantial business in the Eastern District. Apparently, Litepanels' only alleged basis for jurisdiction there is a shipment of one product to Plano, Texas.

### 5. Swit's Interest In Obtaining Convenient And Effective Relief is Paramount and Best Served in the Northern District

Swit's interest in obtaining convenient and effective relief is the strongest in the Northern District, where it would litigate this matter with its current attorneys who maintain an office in San Jose and have many matters in the area. Ironically, with Litepanels' counsel conveniently located in San Francisco, Litepanels also will be able to obtain convenient and effective relief if this case remains in the Northern District. The Eastern District of Texas, on the other hand, is inconvenient and will force Swit (as well as Litepanels) to incur additional travel costs and attorney's fees in litigating a dispute which is totally unrelated to the Texas courtroom.

For the aforementioned reasons, due process is satisfied because Litepanels is subject to the general jurisdiction of the Northern District and this lawsuit does not offend traditional notions of fair play and substantial justice. Therefore, if the Northern District of California were a separate forum state, the defendant's contacts with the district would be sufficient to justify the Court's exercise of personal jurisdiction. Accordingly, pursuant to 28 U.S.C. 1391(c), there is no doubt that Litepanels "resides" in the Northern District such that venue is proper pursuant to 1391(b)(1). As such, 28 U.S.C. 1406(a), related to improper venue, is inapplicable here and is not proper grounds to either transfer or dismiss this case.

### D. For the Convenience of the Parties, Witnesses, and in the Interest of Justice, the Case Should Remain in the Northern District

Litepanels argues that transfer is proper under 28 U.S.C. Section 1404(a) because of the previously pending lawsuit in Texas and because Varizoom is located in Texas. However, this argument is incorrect as the Gekko lawsuit is the only significant connection to the Eastern

District. It is not disputed that Varizoom is located in Austin, which is clearly in the <u>Western District of Texas</u>.

Title 28 U.S.C. § 1404(a) provides that "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." However, the moving party has the burden of showing that the balance of conveniences weighs <u>heavily</u> in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986) (emphasis added); <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 255-56, 70 L. Ed. 2d 419, 102 S. Ct. 252 (1981).

When adjudicating a motion to transfer venue, a district court must balance a number of case-specific factors, including: (1) the plaintiff's initial choice of forum; (2) the convenience of the parties and witnesses; and (3) the interest of justice. <u>Stewart Org. v. Ricoh Corp.</u>, 487 U.S. 22, 29 (1988); <u>Decker Coal Co.</u>, 805 F.2d at 842-43. This Circuit set forth several considerations that can be used in weighing these factors. These include: 1) plaintiff's choice of forum, 2) convenience of the parties, 3) convenience of the witnesses, 4) ease of access to the evidence, 5) familiarity of each forum with the applicable law, 6) feasibility of consolidation of other claims, 7) any local interest in the controversy, and 8) the relative court congestion and time of trial in each forum. <u>Decker Coal</u>, 805 F.2d at 843.

As discussed below, venue is proper in the Northern District of California. (Even the Central District of California would be more appropriate than the Eastern District of Texas).

### 1. Plaintiff's Choice of Forum

In motions to transfer venue, there is a <u>strong presumption</u> in favor of plaintiff's choice of forum. <u>Jarvis v. Marietta Corp.</u>, 1999 U.S. Dist. LEXIS 12659, 1999, WL 638231 (N.D. Cal. 1999) (citing <u>Piper Aircraft</u>, 454 U.S. at 255) (emphasis added). Therefore, Litepanels bears the burden of overcoming this presumption to demonstrate that the balance of inconveniences substantially weighs in favor of transfer. Litepanels' argument that Swit's suit was a case of forum shopping and anticipatory fails to overcome this presumption.

1   Litepanels fails to establish that this is a case of forum shopping. Here, the Northern
2   District has a well-established set of local patent law rules and is convenient for both Litepanels
3   and Swit (as discussed further below). In fact, Litepanels is the party that is forum shipping as
4   the Eastern District of Texas has absolutely no connection to either Swit or Austin-based
5   Varizoom other than the shipment of <u>one</u> product to Plano, Texas. Moreover, Litepanels has yet
6   to serve <u>any</u> of the Defendants in the mirror Texas litigation.

Litepanels cites <u>Royal Queentex Enteres v. Sara Lee Corp.</u>, 2000 U.S. Dist.. LEXIS 10139, at *10 (N.D. Cal. Mar 1, 2000) for the proposition that forum choice deserves little deference when the plaintiff has supposedly forum shopped. <u>Royal Queentex</u> was similar to the case at bar in that Defendant Sara Lee sent a cease and desist letter threatening suit, but failed to follow through with suit. Similar to Swit, Royal Queentex filed an action for declaratory relief which Sara Lee contended was anticipatory. <u>Id</u>. at *16. The court found no merit in Sara Lee's arguments, denying the motion to transfer. <u>Id</u>. at *16.

Swit's choice of forum weighs heavily in favor of not transferring this case to the Eastern District of Texas. While, Swit had a real and reasonable apprehension that it would be subject to liability, Litepanels' numerous threats were not imminent and therefore do not form the basis for an anticipatory suit as Litepanels claims. Accordingly, the <u>strong presumption</u> in favor of Swit's choice of forum is not outweighed by Litepanels allegations of forum shopping.

**2.     Convenience of Parties**

Litigating this case in the Northern District would be convenient to both parties. Litepanels glosses over the fact that its headquarters is in Los Angeles County. Litepanels also conveniently fails to mention that traveling to the Court could hardly be made any easier for its attorneys, as they are already located minutes away from the Courthouse in San Francisco. Similarly, San Francisco is also a convenient venue for Swit's attorneys, who maintain an office in San Jose.

Litepanels' only substantive argument is that Varizoom is located in Austin (which is, notably, located in the <u>Western</u> District of Texas) and, as such, travel to the Eastern District of Texas courthouse would be substantially more convenient for Varizoom than traveling to San

- 11 -

**OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**

Francisco. However, Varizoom is merely a distributor for Litepanels, and has no involvement in the design or manufacturing of the products in question. Moreover, perhaps most telling, Varizoom is not a declaratory Plaintiff. Varizoom's participation in this litigation, if at all, will be minimal. Therefore, for all of the aforementioned reasons, Litepanels has not met its burden to establish that the balance of inconveniences of the parties weighs highly in favor of transfer.

### 3. Convenience of the Witnesses

One of the most important factors in determining whether to grant a motion to transfer venue is the convenience of the witnesses. Jarvis, at *6. To demonstrate inconvenience, the moving party "should produce information regarding the identity and location of the witnesses, the content of their testimony, and why such testimony is relevant to the action . . . The Court will consider not only the number of witnesses located in the respective districts, but also the nature and quality of their testimony." Steelcase, Inc. v. Haworth, 41 U.S.P.Q.2D (BNA) 1468, 1470 (C.D. Cal. 1996). In balancing the convenience of the witnesses, primary consideration is given to third party, as opposed to employee witnesses. Jarvis at *5 (emphasis added). In sum, Litepanels is required to provide information as to the identity and location of its third party witnesses, the content of their testimony, and indicate why their testimony is relevant to this case. Id, citing Steelcase, 41 U.S.P.Q.2D (BNA) at 1470.

Here, Litepanels has so far failed to specify any third party witnesses by identity, location, or testimonial content. Litepanels has also failed in many other respects to provide the necessary showing of inconvenience to warrant transfer of this case. Litepanels has not explained specifically who the inconvenienced witnesses will be, what their specific testimony will be, or how that testimony will be relevant to this case. Steelcase, 41 U.S.P.Q.2D (BNA) at 1470. Therefore, it is impossible to evaluate the role of these witnesses and realize the impact of a venue change on their function. E. & J. Gallo Winery v. F. & P. S.p.A., 899 F. Supp. 465, 466 (E.D. Cal. 1994). For these reasons, Litepanels has clearly failed to establish that the balance of inconveniences of the witnesses weighs highly in favor of transfer.

OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE

#### 4. Ease of Access to Evidence

Absent any other grounds for transfer, the fact that records are located in a particular district is not itself sufficient to support a motion for transfer. STX, Inc. v. Trik Stik, Inc., 708 F. Supp. 1551, 1556 (N.D. Cal. 1988). Here, Litepanels has again failed to offer any evidence related to this factor and therefore has clearly failed to establish that this factor weighs highly in favor of transfer.

#### 5. Familiarity Of Each Forum With The Applicable Law

This factor does not weigh in favor of transfer. The Northern District has extensive experience with patent cases, so much so that it has a particular set of Patent Local Rules. At this point, the only applicable law will be that related to patents. Accordingly, the California judiciary is at least equally as capable of handling claims governed by patent law as Texas's judiciary.

#### 6. Feasibility Of Consolidation Of Other Claims

Transfer is favored where it will allow consolidation with another pending action and conserve judicial resources. Chrysler Capital Corp. v. Woehling, 663 F. Supp. 478, 483 (D. Del. 1987). Litepanels points out that there are two pending actions, which could be consolidated. However, as discussed above, the products at issue in Texas are so different from the products at issue in California that the claim interpretations and infringement analyses will also necessarily be different. This indicates that consolidation would not be feasible or add judicial efficiency.

#### 7. Local Interest In The Controversy

California has significant interests in this controversy because Litepanels is a California company and because Litepanels sells a substantial amount of products in California. Furthermore, Litepanels' distributors obviously must ship a significant amount of products into the Northern District through CA Media (located in Benicia) and the remainder of its 18 California distributors. In contrast, the Eastern District of Texas has little to no interest in this controversy, as neither Swit nor Varizoom are located in the Eastern District. The only connection to the Eastern District appears to the delivery of <u>one</u> product to Plano, Texas. Accordingly, this factor does not weigh heavily in Litepanels' favor.

**OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**

### 8. Relative Court Congestion

Relative court congestion is at best, a minor factor in the section 1404 calculus. <u>IMS Health, Inc. v. Vality Technology, Inc.</u>, 59 F. Supp. 2d 454, 471 (E.D. Pa. 1999). Here, while Litepanels neglected to mention this factor, there is evidence that the caseload in this District is heavy – more so than in the Eastern District of Texas. According to the Judicial Caseload Profiles for 2006, published by the Statistical Office of the Administrative Office of the United States Courts, the median time from filing to trial is 27.5 months in this Court as opposed to 14.5 months in the Eastern District of Texas. However, this factor alone cannot control the overall balance of this Court's decision on Litepanels' motion to transfer. <u>Id</u>.

### E. Declaratory Judgment Against Exclusive Licensee

Litepanels, Inc. admits that it is the exclusive licensee of the patents at issue from Litepanels, LLC. LitePanels' First Amended Complaint, ¶2. Under 28 U.S.C. § 2201(a), a court may declare the rights and other legal relations of any interested party. "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." <u>MedImmune, Inc. v. Genentech, Inc.</u>, 127 S. Ct. 764, 771 (2007). An exclusive licensee has a <u>sufficient</u> interest in the patent to have standing to sue under Article III of the Constitution. <u>Intellectual Prop. Dev., Inc. v. TCI Cablevision of Cal., Inc.</u>, 248 F.3d 1333, 1346 (Fed. Cir. 2001); <u>Prima Tek II, L.L.C. v. A-Roo Co.</u>, 222 F.3d 1372, 1377 (Fed. Cir. 2000) ( "an exclusive, territorial license is equivalent to an assignment and may therefore confer standing upon the licensee to sue for patent infringement.")

Here, Litepanels, Inc, as an exclusive licensee, is subject to this declaratory suit because it has the right to sue under the patents at issue. While Litepanels cites to two cases for a different proposition, neither is controlling, as they are district-level decisions from different districts. Moreover, while there is no doubt that a substantial controversy exists between Litepanels, LLC and Swit, there is also no doubt that Litepanels, Inc. and Swit have similarly adverse interests to support the present action for declaratory relief. For example, Litepanels, Inc. is dependent on the enforceability of the patents at issue to keep competitors such as Swit

- 14 -

**OPPOSITION TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**

out of the market place. Litepanels and Swit may therefore be considered competitors, both with a direct interest in the outcome of the suit. Moreover, Litepanels, Inc. has already sued Swit in the Eastern District of Texas, further discrediting the argument that it is not a proper party to the present litigation. Therefore, this Court may therefore declare the rights and legal relations of Litepanels, Inc. and Litepanels, LLC to Swit, including the alleged non-infringement and invalidity of the patents at issue.

## IV. CONCLUSION

For all of the aforementioned reasons, Swit respectfully requests that this Court deny Litepanels' motion to dismiss or transfer. In the alternative, Swit requests that this case be transferred to the Central District of California.

Dated: August 17, 2007

WANG, HARTMANN & GIBBS
A Professional Law Corporation

By: _____
Richard F. Cauley
Erick P. Wolf
Larry E. Severin
Peter O. Huang
Attorney for Plaintiffs