1 | Henry C. Bunsow (SBN 60707)
K.T. Cherian (SBN 133967)
2 | Robert Kramer (SBN 181706)
HOWREY LLP
3 | 525 Market Street, Suite 3600
San Francisco, California 94105
4 | Telephone: (415) 848-4900
Facsimile: (415) 848-4999
5 | bunsowH@howrey.com
cherianK@howrey.com
6 | kramerR@howrey.com

7 | Joshua A. Burt (SBN 222302)
HOWREY LLP
8 | 550 South Hope Street, Suite 1100
Los Angeles, California 90071
9 | Telephone: (213) 892-1946
Facsimile (213) 402-8137
10 | burtj@howrey.com

11

12 | Attorneys for Defendants
LITEPANELS, LLC
LITEPANELS, INC

13

14 | IN THE UNITED STATES DISTRICT COURT

15 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

16 | SAN FRANCISCO DIVISION

17

| 18 | SWIT ELECTRONICS CO., LTD, | Case No. C-07-02645 JSW |
| --- | --- | --- |
| 19 | Plaintiff, | Jury Trial |
| 20 | vs. | **LITEPANELS, LLC AND LITEPANELS, INC.'S REPLY IN SUPPORT OF RENEWED MOTION TO DISMISS OR TRANSFER VENUE** |
| 21 | LITEPANELS, LLC LITEPANELS, INC. | |
| 22 | | Hearing Date: October 12, 2007 |
| 23 | Defendants. | Time: 9:00 a.m. Judge: Hon. Jeffrey S. White Courtroom: 2, 17th Floor |
| 24 | | |

25

26

27

28

Case No. C-07-02645 JSW
LITEPANELS REPLY IN SUPPORT OF ITS RENEWED MOTION
TO DISMISS OR TRANSFER VENUE

DM_US:20653813_1

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................................... 1

II.   ARGUMENT ................................................................................................................. 3

   A.   Litepanels, Inc. Is Not A Proper Party In This Declaratory
        Judgment Action And None Of The Other Parties Have Any Nexus
        To This District ..................................................................................................... 3

   B.   Litepanels, Inc. Is Not Subject to General Personal Jurisdiction In
        This District. ......................................................................................................... 4

   C.   Exercise of Personal General Personal Jurisdiction Over
        Litepanels, Inc. In This District Would Be Unreasonable ................................... 6

   D.   The Policy Behind the Declaratory Judgment Act Favors Dismissal
        or Transfer. .......................................................................................................... 6

   E.   The First to File Equitable Factors Favor Transfer of Venue. ............................ 7

        1.   Judicial Economy Favors A Change In Venue ......................................... 7

        2.   Swit's Declaratory Complaint Filing Was Both
             Anticipatory And Inappropriate Forum Shopping ................................. 10

        3.   Convenience Factors Weigh Heavily in Favor of Transfer .................... 12

        4.   Swit's First Amended Complaint Joining Litepanels, Inc. Is
             A Later Field Action As To That Defendant And Is Not
             Entitled to Benefit of the First-Filed Doctrine .................................... 14

III.  CONCLUSION ........................................................................................................... 15

**TABLE OF AUTHORITIES**

**CASES**

Aero Products International, Inc. v. Intex Rec. Corp.,
     466 F.3d 1000 (Fed. Cir. 2006) .................................................................................9

Aerotel, Ltd. v. Sprint Corp.,
     100 F. Supp. 2d 189 (S.D.N.Y. 2000) ......................................................................14

Al-Or International Ltd. v. Paul Morelli Design  Inc.,
     54 U.S.P.Q. 2d (BNA) 1191 (C.D.Cal. 1999) ........................................................11

Amerada Petroleum Corp. v. Marshall,
     381 F.2d 661 (5th Cir.1967) ....................................................................................11

*Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc.* (9th Cir. 1993) 1 F.3d 848, fn 2 (emphasis
     added) .........................................................................................................................6

Boler Co. v. Ravdan Manufacturing, Inc.,
     415 F. Supp. 2d 896 (N.D. Ill. 2006)...................................................................1, 3

Cvlink Corp. v. Schnorr,
     939 F. Supp. 39 (D.D.C. 1996)..................................................................................4

DeFeo,
     831 F. Supp. at 780.................................................................................................12

Ferguson Beauregard/Logic Controls v. Mega Systems, LLC,
     350 F.3d 1327 .......................................................................................................7, 8

GSI Lumonics, Inc. v. Biodiscovery, Inc.,
     112 F. Supp. 2d 99 (D. Mass. 2000).......................................................................14

Gribin v. Hammer Galleries, et. al.,
     793 F. Supp. 233 (C.D. Cal. 1992) .........................................................................12

In re Horseshoe Entertainment,
     337 F.3d 429 (5th Cir. 2003) ...................................................................................12

Leonard v. Parry,
     219 F.3d 25 (1st Cir. 2000)(explaining Rule 15(c)(3) mistake requirement) ........14

Minnesota Mining And Manufacturing Co. v. Norton Co.,
     929 F.2d 670 (Fed. Cir. 1991) ..............................................................................6, 7

Mission Insurance Co. v. Puritan Fashions Corp.,
     706 F.2d 599 (5th Cir. 1983) ...................................................................................10

Nelson v. Adams USA, Inc.,
     529 U.S. 460 (2000)(emphasis added) ....................................................................14

NeoMagic Corp. v. Trident Microsystems, Inc.,
     287 F.3d 1062 ...........................................................................................................7

ii

Northwest Airlines v. American Airlines,
  989 F.2d 1002 (8th Cir. 1993) ............................................................................................... 11

Nynex Corp. v. Reuben H. Donnelley Corp.,
  688 F. Supp. 128 (S.D.N.Y. 1988) ................................................................................... 1, 3, 4

SRI International v. Matsushita Electric Corp. of America,
  775 F.2d 1107 (Fed. Cir. 1985) .............................................................................................. 7

Transamerica Occidental Life Insurance Co. v. DeGregorio,
  811 F.2d 1249 (9th Cir. 1987) ............................................................................................... 12

Ward v. Follett Corporation,
  158 F.R.D. 645 (N.D. Cal. 1994) .......................................................................................... 10

**STATUTES**

28 U.S.C. § 1404(a) ..........................................................................................................7, 12, 14

HOWREY LLP

Case No. C-07-02645 JSW
DEFENDANTS' REPLY IN SUPP. OF MOTION
TO DISMISS OR TRANSFER VENUE

iii

DM_US:20653813_1

1

## I.     INTRODUCTION

2

Plaintiff Swit Electronics Co., Ltd. has not met its burden to demonstrate that personal

3

jurisdiction or venue is proper in this district.  Plaintiff's Opposition makes weak arguments that

4

should be dispensed with in short order.

5

First, contrary to Swit's argument, Litepanels, Inc. is not a proper party in this action and is

6

not subject to general personal jurisdiction in this district.  Litepanels LLC owns the patents-in-suit

7

and it threatened to assert them against Swit and Swit's Texas distributor.  This is the basis for Swit's

8

declaratory judgment action.  Litepanels, Inc., on the other hand, is merely an exclusive licensee of

9

the patents.  It did not threaten to assert the patents against Swit.  Accordingly, Litepanels, Inc. is not

10

a proper party in this action.  (*See Boler Co. v. Ravdan Mfg., Inc*., 415 F. Supp. 2d 896, 904-05 (N.D.

11

Ill. 2006); *Nynex Corp. v. Reuben H. Donnelley Corp*., 688 F. Supp. 128 (S.D.N.Y. 1988).)

12

13

Second, even if Litepanels, Inc. were a proper party, it does not have any offices or employees,

14

it does not rent or own any property or have any business operations in Northern California.  Contrary

15

to Swit's argument — supported solely by a hearsay attorney declaration —Litepanels, Inc.'s

16

distributors do not continuously and systematically ship product to various cities in the Northern

17

District.  It would be patently unfair to require it to defend in this district.

18

19

Third, Swit improperly argues that its accused lighting products are significantly different

20

from the accused products in the pending pre-existing *Litepanels v. Gekko* patent litigation pending

21

in the Eastern District of Texas.  In the world according to Swit, there would be no efficiencies

22

achieved if Eastern District of Texas Judge Davis were to preside in both the *Gekko* case and the

23

*Litepanels v. Swit et al.* case even though two of the same three patents (and very similar technology)

24

are at issue in <u>both</u> actions.  Such statements are simply unsupported attorney arguments, and are

25

baseless:  (a) the accused Swit and Gekko lighting products are very similar in all relevant respects,

26

and (b) the *Gekko* case has been pending since 2006 and is rapidly approaching a *Markman* hearing

27

28

1

Case No. C-07-02645 JSW
LITEPANELS REPLY IN SUPPORT OF ITS RENEWED MOTION
TO DISMISS OR TRANSFER VENUE

DM_US:20653813_1

on November 1, 2007.  It is undisputable that efficiencies are achieved by one judge (Judge Davis) presiding in both cases, rather than asking <u>two</u> Federal Judges to learn the *same* technology and the patents and ask both courts to conduct Markman hearings and issue potentially inconsistent claim construction rulings.

Fourth, convenience factors favor proceeding in Texas, not in the Northern District of California.  Swit is a company based in China and offered no facts in its Opposition to establish any contacts of any kind with the Northern District of California.  Swit chose to locate its United States product distribution in Texas.  It does not contend otherwise.  Defendant Litepanels LLC has no contacts with the Northern District of California.  Litepanels, Inc. is a Southern California start up company that is not a proper party to this case and, in any event, has no dealers, offices, or employees in the Northern District of California.  There are no witnesses and there is no evidence located in this district.  Swit cannot be heard to argue that it would be inconvenienced if it is required to resolve this dispute in its chosen state of Texas, or that it would somehow be more convenient for it to litigate this action in the Northern District of California.

Fifth, Swit's choice of forum is not entitled to deference under the "first filed" doctrine.  Swit is a foreign company that has no connection to the Northern District of California.  It did not file this action in its home district.  Moreover, it filed this action against a defendant that is not located in this district.  In addition, Swit's lawsuit is not the "first filed" action as against defendant Litepanels, Inc.  Swit sued Litepanels LLC on May 17, 2007.  On May 29, 2007, Litepanels LLC and Litepanels, Inc. filed a patent infringement action against Swit and Swit's Texas-based exclusive U.S. distributor in a Texas district court accusing them of infringing the same patents that are in suit in this California.  Later, on July 24, 2007, Swit filed a First Amended Complaint (erroneously dated May 17, 2007) naming Litepanels, Inc. as a party in this action.  Swit does not get the benefit of the earlier filed date under Rule 15 and this is not the "first filed" action with respect to Litepanels, Inc.

Finally, in the *Litepanels v. Swit et al.* action filed in the Eastern District of Texas, Litepanels has named not only Swit, but also Swit's Texas-based U.S. importer and distributor of the accused products, as defendants. Thus, the Texas forum is the only one in which full and complete relief can be achieved. Swit has not even attempted to argue that Northern California would be more convenient for its small Texas-based importer and distributor to defend this action than its home state of Texas.

## II. ARGUMENT

### A. Litepanels, Inc. Is Not A Proper Party In This Declaratory Judgment Action And None Of The Other Parties Have Any Nexus To This District.

Litepanels, Inc. is an exclusive licensee, not the owner of the patents-in-suit. It did not threaten to assert the patents against Swit and is not a proper party in this action. Exclusive licensee status does not create a justiciable controversy in a declaratory judgment action. Courts have held that where the patent owner threatened to assert the patents, but the exclusive licensee has done nothing, the declaratory judgment plaintiff has no basis to join the exclusive licensee as a defendant. *See Boler Co. v. Ravdan Mfg., Inc.*, 415 F. Supp. 2d 896 (N.D. Ill. 2006); *Nynex Corp. v. Reuben H. Donnelley Corp.*, 688 F. Supp. 128 (S.D.N.Y. 1988).

In *Boler*, the plaintiff sought a declaration that it had not infringed a patent. The plaintiff's declaratory judgment action was brought against, among others, the exclusive licensee of the patent. The plaintiff argued that the defendant's "status as an exclusive licensee makes it a necessary party plaintiff to any infringement action that [the patentee] may bring, which in turn makes [the exclusive licensee] a necessary defendant in plaintiffs declaratory judgment suit." *Id.* at 904. The Court rejected this argument as "inherently flawed" and dismissed the claim for jurisdiction.

Similarly, in *Nynex Corp. v. Reuben H. Donnelley Corp.*, 688 F. Supp. 128 (S.D.N.Y. 1988), a plaintiff sued a licensee, among others, seeking a declaration of patent non-infringement and patent invalidity. The basis for the suit, as is the case in Swit's suit, was a threat of litigation by the patent

owner — not a threat by the licensee.  Plaintiff sought to avoid dismissal arguing that the defendant

was an "exclusive licensee ... [with] the exclusive right to promote, market and sub-license the patent

in its assigned area." *Id.* at 130.  The court rejected this argument and dismissed the claim against the

licensee because "the infringement threats were made by [the patentee] alone and in no way involved

[the licensee]." *Id*. at 131; *see also Cvlink Corp. v. Schnorr*, 939 F. Supp. 39, 42 (D.D.C. 1996).

Swit filed its original Complaint in this declaratory judgment action on May 17, 2007 against

defendant Litepanels LLC, the owner of the patents-in-suit.  Swit's Complaint alleges that Litepanels

LLC wrote letters accusing Swit and Swit's exclusive U.S. distributor, Varizoom Corp., of infringing

the patents.  (Complaint, ¶¶ 3-4, 89, 11-12.)  Likewise, on July 24, 2007, Swit's First Amended

Complaint (erroneously dated May 17, 2007), which joins Litepanels, Inc., re-alleges that Litepanels

LLC, not Litepanels Inc., sent threatening letters that are the basis for declaratory judgment jurisdiction

in this action.  (First Amended Complaint, ¶¶ 10-15.) Swit has shown no basis for joining Litepanels

Inc., an exclusive licensee, that did not threaten to assert the patents against Swit.

Swit's reliance on the *TCI Cablevision* and *Prima Tek* decisions is misplaced.  (Opposition, at

14-15.)  Those decisions stand for the proposition that an exclusive licensee may under some

circumstances not relevant here have standing to file a patent infringement suit against an infringer.

Those decisions do not support Swit's argument that it is authorized to join an exclusive licensee as a

defendant in a declaratory judgment action against the patent owner where the licensee did not threaten

to assert the patents.

### B.    Litepanels, Inc. Is Not Subject to General Personal Jurisdiction In This District.

Plaintiff has failed to meet its burden to prove that Litepanels, Inc. is subject to general

personal jurisdiction in the Northern District of California.  Litepanels, Inc. is a start up company that

sells lighting equipment.  (Declaration of Helen Craig In Support of Defendant's Renewed Reply

Regarding Defendant's Motion to Dismiss Swit Electronics' Complaint Or Transfer Venue dated July

20, 2007, ¶2. ("Craig Renewed Decl.")  Litepanels, Inc.'s single office is located in Los Angeles, California.  It does not have any offices or employees, its does not rent or own any property or have any business operations in Northern California.  (Craig Renewed Decl. ¶3.)

Swit's argument is based on its erroneous belief that Litepanels, Inc. has three distributors that supposedly continuously sell large quantities of lighting products into this district.  This is false.  Contrary to Swit's argument — supported solely by a hearsay attorney declaration —Litepanels, Inc.'s distributors do not "continuously and systematically ship product to various cities in the Northern District — thereby meeting the requirements for general jurisdiction."  (Opposition, at 1, lines 12-14; Declaration of Attorney Eric Wolf, dated July 13, 2007, ¶¶ 2-5.)

First, Litepanels, Inc.'s distributor CA Media is located in Benecia, California in the Eastern District of California, not in this district.  *See* Declaration of Ken Fisher In Support Of Defendants' Renewed Reply at ¶¶ 3-5 and Exhibits A and B (Fisher Renewed Reply Decl.").  CA Media first became a distributor of Litepanels, Inc.'s products on June 7, 2007 after this lawsuit was filed.  (See Craig Renewed Decl. at ¶5.)  CA Media has made no sales of Litepanels, Inc.'s products to customers in the Northern District of California.  *See* Declaration of Josh Hatfield In Support of Defendants' Reply ¶ 6.  Second, Litepanels, Inc.'s distributor Cinema Gadgets is located in Burbank, California and has made only one sale for $987 to a customer is this district.  (Declaration of Mr. Bram Estes dated August 24, 2007, ¶¶ 2-4.)  Third, with respect to the third distributor that Swit relies on, Express Video Supply, located in Southern California, Swit does not even contend that distributor made any sales in Northern California.  (Wolf Decl., ¶ 4.)  Rather, Swit's hearsay declaration merely states that "Tommy" at this distributor advised Swit's litigation counsel that "it would be no problem to ship Litepanels products to the Bay Area, in particular San Jose, if needed."  (Wolf Decl., ¶ 4.)  Plainly these minimal contacts are a long way away from establishing general personal jurisdiction over Litepanels, Inc. in this district.

**C.    Exercise of Personal General Personal Jurisdiction Over Litepanels, Inc. In This District Would Be Unreasonable.**

Even if Litepanels, Inc. had engaged in "substantial, continuous and systematic" business within the Northern District of California, which has not occurred, due process requires that the exercise of jurisdiction be reasonable, meaning not a denial of "fair play and substantial justice." *Amoco Egypt Oil Co. v. Leonis Navigation Co., Inc*. (9th Cir. 1993) 1 F.3d 848, 851, fn 2 (emphasis added). As set forth in defendants' Renewed Motion to Dismiss, it would be patently unfair to find general jurisdiction here given Litepanels, Inc.'s minimal contacts in this district and Litepanels LLC's total lack of contacts in the district.

**D.    The Policy Behind the Declaratory Judgment Act Favors Dismissal or Transfer.**

The principle purpose of the Declaratory Judgment Act is "to prevent avoidable damages from being incurred by a person uncertain of his rights and threatened with damage by delayed adjudication." *Minnesota Mining And Mfg. Co. v. Norton Co.,* 929 F.2d 670, 673 (Fed. Cir. 1991). Swit fails to meet this purpose when it makes yet another conclusory statement that Litepanels "failed to follow through with [its threatened] suit" without any supporting facts. (Renewed Opposition at page 11.) As discussed above, this is not the case. Litepanels did not delay adjudication of its patent infringement claims. On the contrary, it promptly made it clear to Swit that it would protect its patents, and did exactly that. On May 29, 2007, it filed its promised infringement action against Swit and its Texas-based U.S. Importer/Distributor *before* Litepanels was even served with Swit's declaratory relief action. The Declaratory Judgment Act exists to allow parties to achieve finality and to conduct its business without an uncertain future. This case never had any such uncertainty. Swit knew that suit was imminent. That was proven when Litepanels filed suit in Texas just nine (9) days after this case was filed. The purpose behind the Declaratory Judgment Act require the Court to dismiss or transfer this case in favor the pending case in the Eastern District of Texas.

Case No. C-07-02645 JSW                                                    6
DEFENDANTS' REPLY IN SUPP. OF MOTION
TO DISMISS OR TRANSFER VENUE

DM_US:20653813_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### E.    The First to File Equitable Factors Favor Transfer of Venue.

The Court has discretion in applying the "first-to-file" doctrine and should not apply it mechanically. A court may disregard the first-to-file doctrine where equitable factors such as bad faith, anticipatory filing, forum shopping, judicial economy or the convenience of the parties and witnesses dictate that a later filed action in another district would be the appropriate venue. *Id.*; *see also* 28 U.S.C. § 1404(a). In this case, *all* of the above factors favor defendants.

### 1.    Judicial Economy Favors A Change In Venue

While Swit claims that public policy favors the maintenance of two separate patent suits based on the same patents before two different courts, such a result would be completely at odds with the public policy of judicial economy. Where there is already a pending case filed based on the same technologies and the same patents, judicial economy favors a change of venue. Swit would like the Court to believe that its Northern District of California declaratory relief action "is totally unrelated to the Texas [case]" and "the [Gekko] products at issue in Texas are so different from the [Swit] products at issue in California that the claim interpretations and infringement analyses will also necessarily be different." (Opposition at 12.) Here again, Swit relies on conclusory statements by completely failing to provide any analysis of any claim that would need to be construed differently. In fact, claims must not be construed with reference to the accused products. *SRI Int'l v. Matsushita Elec. Corp. of Am.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985*); see also NeoMagic Corp. v. Trident Microsystems, Inc.*, 287 F.3d 1062, 1074 (Fed. Cir. 2002 (citing *to SRI Int'l* and holding that "[i]t is well settled that claims may not be construed by reference to the accused device*."; Ferguson Beauregard/Logic Controls v. Mega Systems, LLC*, 350 F.3d 1327, 1337 and 1340 (Fed. Cir. 2003). Claim construction is based on the specific patents-in-suit and other relevant extrinsic evidence, which would be identical in these co-pending cases.

1    Even if the differences between Swit's and Gekko's accused products were relevant, Swit

2 distorts the truth when it states that "Swit makes compact lights that sit [only] on top of a camera"

3 while Gekko's "ringlights" merely go around the camera. Curiously, Swit leaves out one of the key

4 accused products in the *Gekko* suit in their analysis — the Gekko K-Lite product -, a "compact light

5 that sit[s] on top of a camera" which is virtually identical to the Swit lights. *See* Fisher Renewed Reply

6 at ¶¶ 9-10. Moreover, when both accused devices are properly analyzed, the Swit and Gekko products

7 infringe the same sixteen claims of the '823 patent and the same twenty one claims of the '302 patent.

8

9 (Id.)

10    The following table is but one example of the overlapping claim terms and technology in the

11 Texas and California cases:

12

| Litepanels Patents -<br>US 6,948,823 & '302 | Gekko Product -<br>Model: K-Lite<br>Camera-top light | Swit Products –<br>Model: S2000 and S2010<br>Camera-top light |
|---|---|---|
| Fig. 36C – claim term:<br>Surface Mount<br> | **K-Lite**<br>(accused device in Texas)<br> | **Swit S2000 & S2010**<br>(accused device in Texas)<br> |
| Fig. 42C Claim term:<br>Integrated Lens Cover<br> | **K-Lite**<br> | **Swit S2000 & S2010**<br> |
| The following product photos show that Swit's argument that the "accused Gekko and Swit products are quite different" is false. | K-Lite<br> | S2000<br> |

| | K-Lite | S2010 |
|---|---|---|
| | | |

Fisher Renewed Decl. at ¶ 11.

Clearly reviewing numerous court briefs, hearing testimony from technical advisors and expert witnesses, and then construing claim terms from the patents-in-suit will require significant judicial resources. Subjecting two separate courts to *Markman* proceedings, as advocated by Swit, will undoubtedly waste a substantial amount of this Court's time and limited resources and may result in inconsistent decisions.

Further, Swit ignores the fact that Varizoom is a co-defendant in Litepanels LLC's patent infringement action in the Eastern District of Texas. Varizoom is the distributor of Swit's infringing products and, therefore, is a key party to this litigation. Swit has failed to show how Litepanels LLC can assert personal jurisdiction over Varizoom in the Northern District of California. Because Varizoom is located in Texas, personal jurisdiction in the Eastern District of Texas is assured. Also, because the facts and events surrounding Varizoom's infringement are the same as those surrounding Swit's infringement, Litepanel's LLC would be forced to argue the same evidence in both the Eastern District of Texas and the Northern District of California. Such a result would certainly be contrary to the policy of judicial economy. Furthermore, Swit's products are marketed directly to the Eastern District of Texas. A.F. Productions, a company located in Tyler, Texas, has received product catalogues that include infringing Swit products. *See* Declaration of Ron Whitting In Support of Defendants' Reply at ¶¶ 1-4 add attachment.

Finally, Swit cites to *Aero Prods. Int'l, Inc. v. Intex Rec. Corp.*, 466 F.3d 1000 (Fed. Cir. 2006) for the proposition that "[d]ifferent defendants can certainly take different approaches to claim

construction and arrive at equally supportable, but different, arguments based upon the same intrinsic evidence… This can give rise to a different focus on what constitutes important claim terms for each case and what constructions may be supported by the intrinsic evidence."  Renewed Opposition at 8. *Aero Prods. Int'l* does not stand for this rule.  In fact, the cited case does not even mention two separate defendants having two varying claim constructions or arguments.  The only claim construction issue on appeal before the Federal Circuit in *Aero Prods. Int'l* was the appeal of all defendants together of the district court's claim construction.  Not once did the Federal Circuit's decision intimate that any of the defendants proffered differing claim construction interpretations or arguments before the district court of the Federal Circuit.  Even if they had, that does nothing to weaken Litepanels LLC's Motion because Plaintiff will not be precluded from advancing different claim construction arguments than those proffered by the Defendants (Gekko and Varizoom) in the currently filed cases in the Eastern District of Texas.  In fact, Litepanels LLC welcomes those additional and varied arguments, as it will assure that the Court will be able to craft a more effective claim construction ruling based on all possible evidence.  The only effect consolidation of these cases will have is to create significant judicial economy by allowing one Court to decide claim construction rather than waste multiple courts time in that lengthy process and risk conflicting claim constructions.  Judicial economy favors a transfer to the Eastern District of Texas.

### 2.    Swit's Declaratory Complaint Filing Was Both Anticipatory And Inappropriate Forum Shopping

Swit's claims that Litepanels LLC failed to follow through with its threats to sue in a timely manner are completely without merit.  Swit anticipated Litepanels LLC's imminent suit and filed for declaratory relief quickly after learning of Litepanels LLC's claims.  As in this case, "a suit is anticipatory when the plaintiff filed its suit upon receipt of specific, concrete indications that a suit by the defendant was imminent." *Ward v. Follett Corporation*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).  Such anticipatory suits are disfavored because they are examples of forum shopping. *Mission Ins. Co.*

1   *v. Puritan Fashions Corp.*, 706 F.2d 599, 602 n. 3 (5th Cir. 1983).  Filing a declaratory relief action

2   after receipt of an intent-to-sue letter favors a finding that the first-filed suit was done for anticipatory,

3   forum shopping purposes. *See Amerada Petroleum Corp. v. Marshall*, 381 F.2d 661, 663 (5th

4   Cir.1967).  By recognizing this exception to the first-to-file rule, courts seek to eliminate the race to the

5   courthouse in an attempt to preempt a later suit in another forum. *Northwest Airlines v. American*

6   *Airlines*, 989 F.2d 1002, 1007 (8th Cir. 1993).  Two "red flags" signal an anticipatory filing: (1)

7   declaratory judgment was filed after the other party gave notice of an intent to sue; and (2) the action is

8   declaratory judgment rather than for damages or equitable relief. *Id.*  Here, the "red flags" could not be

9   more apparent.

10          As explained in Litepanels Renewed Motion, Litepanels LLC unsuccessfully attempted to

11   deliver its first cease-and-desist letter to Varizoom, Swit's distributor, on February 13, 2007.

12   (Declaration of Ken Fisher In Support Of Defendants Motion To Dismiss Or Transfer Venue Dated

13   June 15, 2007 ("Fisher Opening Decl.") at ¶¶4-5, Exh. B.)  On March 27, 2007, Litepanels LLC's next

14   cease-and-desist letter clearly explained that its "complaint against [Swit's U.S. Importer / Distributor]

15   has already been prepared and shortly the entire matter will be referred to Litepanels' litigation

16   counsel."  (Fisher Opening Decl. at ¶8, Exh. D.)  Swit's Agent, Varizoom, immediately contacted Swit

17   and forwarded the letter to Swit.  (Fisher Opening Decl. at ¶9, Exh. E.)  Litepanels received a letter

18   from the President of Swit's U.S. distributor stating that it may "participate in a license", but that he

19   was "leaving the country" and gone for "most of the month of April" and finally returning "about May

20   7th [2007]".  (Id.)  Thus even if there was a short delay in the filing Litepanels' <u>prepared</u> lawsuit, Swit

21   has only itself to blame. Moreover, a separate cease-and-desist letter was hand delivered directly to

22   Swit on April 17, 2007, further confirming Litepanels clear and imminent intentions to file suit against

23   Swit. (Fisher Opening Decl. at ¶13, Exh. F)  This is not undue delay and cannot have created any

24   uncertainty for Swit or its distributor.  Suit was imminent.

25          In fact, on April 18, 2007, Swit sent an email to Litepanels LLC's counsel stating "[a]n

26   attorney representing our case will contact you later."  Fisher Renewed Reply Decl. at ¶ 7, Exhibit C.

27   Where an alleged infringer entices the other party to withhold suit during settlement negotiations, a

28

declaratory judgment action will be dismissed or transferred.  *Al-Or Int'l Ltd. v. Paul Morelli Design Inc.*, 54 U.S.P.Q.2d (BNA) 1191, 1194 (C.D.Cal. 1999) (finding that "exceptions to the "first-filed" rule include… defendant's good faith attempts at settlement.").  It is clear that Swit knew of Litepanels LLC's intent to sue and faked an attempt to amicably resolve the case in order to deceive Litepanels LLC's into delaying its imminent suit.  Swit filed for declaratory relief in direct anticipation of Litepanels' infringement suit.  Litepanels LLC's own good faith accommodation towards Swit gave Swit the opportunity to file its own anticipatory declaratory judgment action while Litepanels LLC awaited Swit's response.  Swit should not be rewarded for its deceitful posturing and anticipatory litigation.

Moreover, Litepanels LLC filed its suit against Swit just nine business days after Swit filed its declaratory relief action and *before* Swit served Litepanels LLC with its complaint.  Many courts have declined jurisdiction when considerably more time has passed after the filing of an anticipatory suit.  *DeFeo,* 831 F. Supp. at 780 (citing *Transamerica Occidental Life Ins. Co. v. DeGregorio,* 811 F.2d 1249, 1251 (9th Cir. 1987); *Gribin v. Hammer Galleries, et. al.,* 793 F. Supp. 233, 234 (C.D. Cal. 1992).  Therefore, because Litepanels LLC clearly threatened imminent suit and Swit then immediately filed for declaratory relief, this is clearly a case of anticipatory forum shopping.  Public policy dictates that Swit not be rewarded for its inappropriate forum shopping and the case be transferred to the Eastern District of Texas.

### 3.    Convenience Factors Weigh Heavily in Favor of Transfer

This Court may also transfer this action based on convenience to the parties or witnesses.  28 U.S.C. § 1404(a).  Swit's claim that the Northern District of California is more convenient than the Eastern District of Texas is wrong.  First, Swit cites the proximity of Litepanels LLC's and Swit's attorneys to the courthouse.  The location of the parties' respective counsels is not to be considered in determining the parties' respective conveniences.  *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003).  Second, Swit attempts to trivialize the fact that Litepanels' LLC's Eastern District of

Texas suit also involves *Swit's* Texas-based exclusive U.S. distributor.  Varizoom and its affiliate Tom's Way Inc. are co-infringers of Litepanels LLC's patents and key participants in the Texas case as they are the exclusive importer, distributor, and direct sales outlet for Swit's products in the United States. Additionally, Tom's Way Inc. has already been served in the Texas action[1]. Presumably, many of the witnesses will come from the ranks of Varizoom and would not have to travel great distances to the Texas courthouse.  On the other hand, the employees of Varizoom and its affiliate Tom's Way Inc, would have to travel thousands of extra miles and stay in California if the case were to remain here.

With respect to the convenience to Litepanels LLC, Fred Holmes, a founding member of Litepanels LLC will likely be the corporate representative witness (pursuant to Fed. R. Civ. Proc. Rule 30(b)(6)) as to most litigation subject matters.  Mr. Holmes resides in Eastern Oklahoma which is just a 4.5 hour drive to Tyler, Texas[2].  Swit, however, points out that Litepanels corporate office is in Los Angeles.  Los Angeles is not in the Northern District of California.  Had convenience actually been Swit's motivating force, it would have brought this action in the Central District of California, where Litepanels (and its own attorneys) reside.  However, because Mr. Holmes, a key figure in this litigation, resides in relatively close proximity to Tyler, Texas, neither the Central nor Northern Districts of California are convenient.

With respect to the convenience to Swit, Swit is a Chinese company and would have to travel a long distance whether the case is in California or Texas.  This, combined with Swit's strong pre-existing contacts with the State of Texas, and the Texas court's intimate knowledge of the patents-in-suit would further speed resolution of this matter. Conversely, if this case is not transferred, all

---

[1] *See* Fisher Renewed Decl. at ¶ 12, Exhibit D.

[2] *See* Declaration of Fred Holmes In Support Of Defendant's Reply Dated July 20, 2007("Holmes Reply Decl.") at ¶5

1    parties would be subjected to delayed adjudication of their rights.

2          **4.    Swit's First Amended Complaint Joining Litepanels, Inc. Is A Later Field**
3          **Action As To That Defendant And Is Not Entitled to Benefit of the First-**
           **Filed Doctrine**

4          Swit cannot claim that its First Amended Complaint filed July 24, 2007 is the first-filed action

5    against, at least, Litepanels Inc.  Litepanels, LLC and Litepanels Inc. filed a Complaint against Swit for

6    infringement of the '302 and '823 patents in Texas on May 29, 2007.  This occurred before Swit filed

7    its First Amended Complaint.

8          Pursuant to Federal Rule of Civil Procedure 15(c)(2)-(3), Swit's First Amended Complaint

9    cannot relate back to the date of the Original Complaint filed on May 17, 2007 because Rule 15(c)(3)

10   only permits the relation back of an amended complaint adding a party "in cases involving ' a mistake

11   concerning the identity of the proper party.' " *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 1585 n.1

12   (2000)(emphasis added); see also *Leonard v. Parry*, 219 F.3d 25, 25-29 (1st Cir. 2000)(explaining

13   Rule 15(c)(3) mistake requirement); *Aerotel, Ltd. v. Sprint Corp.*, 100 F. Supp.2d 189, 190-91

14   (S.D.N.Y. 2000); *GSI Lumonics, Inc. v. Biodiscovery, Inc.*, 112 F. Supp.2d 99, 103-104 (D. Mass.

15   2000).

16         Swit did not mistakenly omit identifying Litepanels, Inc. as a defendant.  As a result, Swit's

17   First Amended Complaint cannot relate back to the date of the Original Complaint.  Swit intentionally

18   filed this action against Litepanels, LLC, based solely on the "conduct" of Litepanels, LLC. Indeed,

19   Swit used Litepanels, LLC's April 17, 2007 cease-and-desist letter as the basis for alleging in its

20   Original Complaint that it had declaratory judgment jurisdiction.

21

22

23

24

25

26

27

28

Case No. C-07-02645 JSW                                          14
DEFENDANTS' REPLY IN SUPP. OF MOTION
TO DISMISS OR TRANSFER VENUE

DM_US:20653813_1

1    **III.    CONCLUSION**

2          The Court should dismiss this action for improper venue pursuant to Fed. R. Civ. Proc.

3    12(b)(3). Additionally, this action should be dismissed pursuant to Fed. R. Civ. Proc. 12(b)(6).  In the

4    alternative, the Court should transfer this action to the Eastern District of Texas pursuant to 28 U.S.C.

5    §§ 1404 or 1406.

6

7    Dated:  August 24, 2007                          Respectfully submitted,

8                                                     HOWREY LLP

9

10                                                    By:    s/ Robert F. Kramer _____

11                                                           Robert F. Kramer
                                                             Attorney for Defendants
12                                                           LITEPANELS, LLC
                                                             LITEPANELS, INC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HOWREY LLP**    Case No. C-07-02645 JSW                              15
                  DEFENDANTS' REPLY IN SUPP. OF MOTION
                  TO DISMISS OR TRANSFER VENUE

                  DM_US:20653813_1