1  RICHARD F. CAULEY, State Bar No. 109194
   FRANKLIN E. GIBBS, State Bar No. 189015
2  ERICK P. WOLF, State Bar No. 224906
   WANG, HARTMANN & GIBBS, P.C.
3  A Professional Corporation
   1301 Dove Street, Suite 1050
4  Newport Beach, CA 92660
   Telephone: (949) 833-8483
5  Facsimile: (949) 833-2281

6  Attorneys for Plaintiff
   Swit Electronics Co., Ltd.
7

8  HENRY C. BUNSOW, State Bar No. 60707
   K.T. CHERIAN, State Bar No. 133967
   ROBERT KRAMER, State Bar No. 181706
9  HOWREY LLP
   525 Market Street, Suite 3600
10 San Francisco, California 94105
   Telephone: (415) 848-4900
11 Facsimile: (415) 848-4999

12 JOSHUA A. BURT, State Bar No. 222302
   HOWREY LLP
13 550 South Hope Street, Suite 1100
   Los Angeles, California 90071
14 Telephone: (213) 892-1946
   Facsimile: (213) 402-8137
15
   Attorneys for Defendants
16 Litepanels, LLC and Litepanels, Inc.

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19                  SAN FRANCISCO DIVISION

20

| | |
|---|---|
| SWIT ELECTRONICS CO., LTD, a China corporation, | CASE NO. C07-02645 JCS |
| Plaintiff | **JOINT CASE MANAGEMENT STATMENT** |
| v. | |
| LITEPANELS LLC., a California limited liability company, and LITEPANELS INC., a California corporation, | |
| Defendants. | |

Plaintiff Swit Electronics Co., Ltd. ("Swit") and defendants Litepanels, LLC and Litepanels, Inc. ("Declaratory Defendants") jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as the Case Management Order in this case:

## I. JURISDICTION AND SERVICE

The parties agree that the Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). There are no remaining named parties to be served. However, the parties dispute that personal jurisdiction and venue are proper in this district. Litepanels, LLC filed a motion to dismiss for lack of personal jurisdiction or in the alternative to transfer this action to the Eastern District of Texas where it is the plaintiff in a patent infringement case against another party asserting two of the three patents-in-suit asserted in this action and where Litepanels, LLC and Litepanels, Inc. filed a patent infringement action against Swit and Swit's Texas distributor on May 29, 2007.

## II. FACTS

### A. Brief chronology of the facts

On May 18, 2007, Swit filed a complaint against Litepanels, LLC, seeking a declaratory judgment that U.S. Patent Nos. 6,948,823, 7,140,742, and 7,163,302 (collectively "patents at issue") are invalid and not infringed by Swit. On June 15, 2007, Litepanels, LLC filed a Motion to Dismiss or Transfer Venue. On July 13, 2007, Swit filed its Opposition to Litepanels' motion. Thereafter, on July 24, 2007, Swit filed its First Amended Complaint adding Litepanels, Inc as a defendant.

### B. Statement of the principal factual issues in dispute

The principal factual issues which the parties dispute are:

1. whether the patents at issue are valid and enforceable;
2. whether Swit infringes any valid claims of the patents at issue;
3. whether Swit's infringement is willful;
4. whether Declaratory Defendants are entitled to damages, including treble damages, and if so, the amount of such damages;

5. whether Declaratory Defendants are entitled to any form of injunctive relief; and
6. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285;
7. whether judicial efficiency is served by transferring the case to the Eastern District of Texas;
8. whether Litepanels, LLC and Litepanels, Inc. have sufficient contacts with the Northern District of California to satisfy jurisdictional requirements; and
9. whether Swit filed this declaratory judgment action knowing that Litepanels, LLC intended to file a patent infringement action;

### III. LEGAL ISSUES

The principal legal issues which the parties dispute are:

1. whether the patents at issue are valid under 35 U.S.C. § 102, 103 and/or 112 and enforceable;
2. whether Swit infringes the patents at issue under 35 U.S.C. § 271, and in particular, the proper construction of certain claim terms of the patents at issue;
3. whether Swit's alleged infringement is willful;
4. whether Declaratory Defendants are entitled to damages, including treble damages, under 35 U.S.C. § 284, and if so, the amount of such damages;
5. whether Declaratory Defendants are entitled to treble damages, and if so, the amount of such damages;
6. whether Declaratory Defendants are entitled to any form of injunctive relief under 35 U.S.C. § 283;   and
7. whether this case is "exceptional" within the meaning of 35 U.S.C. § 285.
8. whether the Court should dismiss this action for lack of jurisdiction; and
9. whether the Court should transfer this action to the Eastern District of Texas based on improper venue or Swit's alleged forum shopping

### IV. MOTIONS

Declaratory Defendants filed their Renewed Motion to Dismiss or Transfer Venue on August 2, 2007 and Swit filed its Opposition on August 17, 2007. Declaratory Defendants filed

-3-

their Reply on August 24, 2007. Further, Declaratory Defendants filed their Motion to Strike the Declaration of Erick Wolf on August 24, 2007. Swit did not file an opposition but rather propounded discovery requests and subpoenas relating to jurisdictional issues. Litepanels has yet to provide any responsive documents. Litepanels, LLC served written responses and objections to Swit's requests for production. The hearing on Declaratory Defendants' motions is presently set for October 12, 2007.

## V.   AMENDMENT OF PLEADINGS

The parties currently do not anticipate amending the pleadings.

## VI.   EVIDENCE PRESERVATION

The parties have agreed to electronically preserve information that is stored, or otherwise maintained, in computers reasonably likely to have information relevant to this action. Absent a showing of good cause and a reasonable belief that any archived electronic materials contain discoverable information that is not reasonably obtained from another source and/or that is not duplicative or other information (or sources), parties need not search archived electronic materials. The parties further agree to discuss in good faith whether good cause and reasonable belief exist.

The parties have agreed to distribute a memo to all of their respective employees reasonably expected to have relevant, discoverable information instructing them to retain documents in hard copy and electronic form.

## VII.   DISCLOSURES

The parties have agreed to exchange their initial Fed. R. Civ. P. 26(a)(1) disclosures by October 26, 2007.

## VIII.   DISCOVERY

Pursuant to Fed. R. Civ. P. 26(f), the parties submit the following discovery plan:

1. <u>Initial Disclosure Requirement</u>: Pursuant to Fed. R. Civ. P. 26(a), the parties will exchange initial disclosures on October 26, 2007.

2. <u>Scope of Discovery:</u> The parties anticipate that the scope of discovery will encompass each of the factual issues discussed above.

-4-

JOINT CASE MANAGEMENT STATEMENT

3. <u>Electronic Discovery</u>: The parties agree that electronically stored information be produced in its native form, or readily accessible electronic form, including embedded data and metadata. The parties have placed a discovery hold on all documents (electronic or otherwise) and will provide all relevant electronic documents found in their computers, databases, or other media used by the parties to store electronic information. With regard to "embedded data" and "metadata", the parties will meet and confer on which specific data fields will be included in the production.

4. <u>Claims of Privilege</u>: The parties will comply with the requirements of Fed. R. Civ. P. 26(b)(5) and will meet and confer, as necessary, to resolve any issues concerning claims of privilege.

5. <u>Proposed Changes to Discovery Rules</u>: The parties propose the following modifications to the discovery rules:

    a. All pleading, motions, discovery, or other papers shall, to the extent possible, be served on all parties by electronic means with a copy sent by U.S. mail on the same or the next business day. Service shall be deemed proper and effective if the document is sent by electronic means to:

| **For Swit:** | **For Declaratory Defendants, service on all of the following:** |
|---|---|
| rcauley@whglawfirm.com | kramerR@howrey.com |
| fgibbs@whglawfirm.com | macgregorj@howrey.com |
| phuang@whglawfirm.com | burtj@howrey.com |
| ewolf@whglawfirm.com | ramosm@howrey.com |
| kfloyd@whglawfirm.com | |

    b. When service has been properly effected through electronic delivery, no additional time for response shall be added as is otherwise permitted under Fed. R. Civ. P. 6(e). For purposes of calculating the response date of any pleading

motion or other paper, the date of service shall be considered to be the date the e-mail transmission was sent to opposing counsel.

 c. The parties agree that the Court should initially impose a limit of ten depositions per side on any fact deposition, including any deposition noticed pursuant to Rule 30(b)(6) and the parties reserve the right to seek further depositions either by stipulation or by application to the Court if the need arises once they have a better understanding during discovery of whether that is needed. Under Rule 30(d)(1), each deposition shall be limited to one day of seven hours.

 d. The parties agree to make available for deposition each expert witness that submits an expert report in this case. The parties further agree that the Court should limit the deposition of an expert witness to two days, with each day being limited to seven hours.

 e. The parties may seek permission to expand any discovery limitation (whether set forth above or by the Federal Rule of Civil Procedure) based upon a showing of good cause. The parties agree to meet-and-confer regarding whether to expand a discovery limitation.

 f. The parties will make good faith efforts to ensure that all deponents are made available for deposition in the United States.

6. *Protective Order*: The parties will agree to enter into a mutually agreeable order. The purpose of the stipulated order will be to protect confidential information during the course of discovery in this action, and the parties will seek the entry of such an order promptly so as to avoid any delay in the production of documents or other information in discovery. The parties will file a proposed Stipulated Protective Order on or before October 31, 2007.

**IX. CLASS ACTIONS**

This case is not a class action.

## X. RELATED CASES

On May 29, 2007, Declaratory Defendants filed suit against Swit and Swit's Texas-based national distributor for patent infringement in the Eastern District of Texas. The case is captioned as "Litepanels, LLC and Litepanels, Inc. v. Thomas McKay d/b/a Varizoom Lens Controls, Tom's Way, Inc., and Swit Electronics Co., Ltd." and has Civil Action No. Action No. 6:07-cv-239-LED. That case involves U.S. Patent No. 6,948,823 (the "'823 patent"), U.S. Patent No. 6,749,310 (the "'310 patent"), and U.S. Patent No. 7,163,302 (the "'302 patent"), two of which are involved in this action. Swit has yet to be served. Litepanels, LLC and Litepanels, Inc. are in the process of serving Swit, a Chinese company, under the Hague Convention.

On April 19, 2006, Litepanels, LLC and Litepanels, Inc. filed suit against Gekko Inc. and its affiliates accusing these companies of patent infringement in the Eastern District of Texas. The case is captioned as "Litepanels, LLC and Litepanels, Inc. v. Gekko Inc." and has Civil Action No. **2-06cv-167**. That case involves U.S. Patent No. 6,948,823 (the "'823 patent"), U.S. Patent No. 6,749,310 (the "'310 patent"), and U.S. Patent No. 7,163,302 (the "'302 patent"), two of which are involved in this action. Both of these cases are assigned to and being presided over by District Judge Leonard Davis. Swit requested but Declaratory Defendants failed to provide any documents from the Gekko case.

## XI. RELIEF

Swit seeks a declaratory judgment that it has not infringed, willfully infringed, induced others to infringe or contributed to the infringement of any valid claims of the patents at issue. Swit also seeks a judgment that the claims of the patents at issue are invalid. Additionally, Swit seeks a judgment enjoining Litepanels, it officers, partners, employees, agents, parents, subsidiaries, attorneys, and anyone acting in concert or participation with any of them from making any claims that Swit infringes the patents at issue or from instituting or prosecuting any lawsuit or proceeding, placing in issue the right of Swit to make, use or sell the products which allegedly infringe the patents at issue. Finally, Swit seeks reasonable attorneys' fees and costs and such other and further relief as this Court may deem just and appropriate.

Declaratory Defendants have a pending motion to dismiss this action or, alternatively, to transfer this case to the Eastern District of Texas, where there is a pending suit brought by Declaratory Defendants against Swit. If the Court retained this case, Declaratory Defendants seek a judgment that the patents at issue are not invalid and are enforceable, and that Swit willfully infringes the patents at issue, and a judgment that this case is exceptional in accordance with 35 U.S.C. § 285. Declaratory Defendants also seek an order permanently enjoining Swit, its directors, officers, employees, attorneys, agents, and all person in concert or participation with any of the foregoing from further acts that allegedly infringe, contributorily infringe, of induce infringement of the patents at issue. Declaratory Defendants also seek an order that awards Declaratory Defendants recovery for all damages that result from Swit's allegedly infringing acts, an order that trebles the amount of damages as a result of the allegedly willful and deliberate nature of Swit's acts, an order that awards interest on damages, and an order that directs Swit to pay Declaratory Defendants' costs, expenses, and awards attorneys' fees and for such other relief as the Court may deem proper.

## XII.  SETTLEMENT AND ADR

The parties do not believe that a settlement conference or ADR would be fruitful at this stage and propose that they revisit this issue after taking sufficient discovery to better understand the strengths and weaknesses of their respective positions.

## XIII.  CONSENT TO MAGISTRATE FOR ALL PURPOSES

On June 6, 2007, Swit filed a declination to proceed before a Magistrate Judge for all purposes. *See* Docket No. 4.

## XIV.  OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## XV.  NARROWING OF ISSUES

Discovery in this case has commenced. Specifically, Swit served a First Set of Document Requests. However Litepanels has yet to produce any documents responsive to Swit's requests.

1 | No other discovery has taken place. The parties are not currently aware of any further issues that
2 | can be narrowed by agreement or by motion.

### XVI. EXPEDITED SCHEDULE

This case is not suitable for handling on an expedited basis with streamlined procedures.

### XVII. SCHEDULING

The parties request that the Court enter their proposed schedule, which is attached as Exhibit A.

### XVIII. TRIAL

Both parties have demanded a jury trial. Declaratory Defendants estimate that a trial in this case would take approximately eight to ten trial days. Swit estimates five to eight days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On May 17, 2007, Swit filed its Certification of Interested Entities or Persons. Swit's counsel certified that there were not any interested parties to report. *See* Docket No. 3.

Declaratory Defendants filed its Certification of Interested Entities or Persons on June 27, 2007. Declaratory Defendants' counsel certified that there were not any interested parties to report. *See* Docket No. 17.

### XX. SUCH OTHER MATTERS AS MAY FACILITATE THE JUST, SPEEDY AND INEXPENSIVE DISPOSITION OF THIS MATTER.

The parties are currently unaware of any such other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

```
 1  Dated: October 8, 2007           HOWREY LLP
                                     A Professional Corporation
 2
 3
 4                                   By: _____
                                           Joshua A. Burt
 5
 6                                   Attorneys for Defendants Litepanels, LLC and
                                     Litepanels, Inc.
 7
 8  Dated: October 8, 2007           WANG, HARTMAN & GIBBS
                                     A Professional Law Corporation
 9
10
11                                   By: _____
                                           Erick P. Wolf
12
13                                   Attorneys for Plaintiff Swit Electronics Co.,
                                     Ltd.
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
                                      -10-
                         JOINT CASE MANAGEMENT STATEMENT
```

**CASE MANAGEMENT ORDER**

The Case Management Statement and Proposed Order, including the Proposed Schedule as set forth in Exhibit A, is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with the Order

Dated: _____

_____
Hon. Jeffrey S. White
United States District Court Judge

# **EXHIBIT A**

## PROPOSED SCHEDULE

| Event | Date |
|---|---|
| Case Management Conference | October 12, 2007 |
| All named parties shall make their initial disclosures pursuant to F.R.Civ.P. 26(a)(1) | October 26, 2007 |
| Litepanels shall serve Disclosure of Asserted claims and Preliminary Infringement Contentions (Pat. L.R. 3-1) and accompanying document production (Pat. L.R. 3-2) | October 23, 2007 |
| Swit shall serve the Preliminary Invalidity Contentions (Pat. L.R. 3-3) and accompanying document production (Pat. L.R. 3-5) | December 7, 2007 |
| Parties shall exchange Proposed Terms and Claim Elements for Construction (Pat. L.R. 4-1) | December 21, 2007 |
| Parties shall exchange Preliminary Claim Constructions and Extrinsic Evidence (Pat. L.R. 4-2) | January 18, 2008 |
| Parties shall file Joint Claim Construction and Prehearing Statement (Pat. L.R. 4-3) | February 7, 2008 |
| Claim Construction Discovery shall be completed (Pat. L.R. 4-4) | March 18, 2008 |
| Opening Claim Construction Brief shall be filed (Pat. L.R. 4-5) | March 31, 2008 |
| Claim Construction Opposition Brief shall be filed (Pat. L.R. 4-5(b)) | April 15, 2008 |
| Claim Construction Reply Brief shall be filed (Pat. L.R. 4-5(c)) | April 21, 2008 |
| The Court Shall hold a Claim Construction Hearing (Pat. L.R. 4-6) | Week of May 5, 2008 |
| Factual Discovery Closes | 75 days after issuance of Claim Construction Order |
| Parties shall serve Opening Expert Reports | TBD |
| Parties shall serve Rebuttal Expert Reports | TBD |

| Event | Date |
|---|---|
| Expert Discovery closes | TBD |
| Last day to file summary judgment motions | TBD |
| Last day to file oppositions to summary judgment motions | TBD |
| Last day to file replies to summary judgment motions | TBD |
| Parties shall file motions *in limine* and *Daubert* motions | TBD |
| Parties shall file pretrial disclosures and proposed jury instructions | TBD |
| The Court will hold the final pre-trial conference | TBD |
| A jury trial shall commence. | TBD |

JOINT CASE MANAGEMENT STATEMENT