**WANG, HARTMANN & GIBBS, P.C.**
A Professional Law Corporation
Richard F. Cauley (SBN: 109194)
Erick P. Wolf (SBN: 224906)
Larry E. Severin (SBN: 223409)
1301 Dove Street, Suite 1050
Newport Beach, CA 92660
Telephone: (949) 833-8483
Facsimile: (949) 833-2281

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SWIT ELECTRONICS CO., LTD, a China corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LITEPANELS LLC., a California limited liability company, and<br>LITEPANELS INC., a California corporation,<br><br>Defendant. | Case No.C-07-02645 JSW<br><br>**PLAINTIFF SWIT'S SUR-REPLY TO DEFENDANTS' RENEWED MOTION TO DISMISS OR TRANSFER VENUE** |

Plaintiff Swit Electronics, Inc. ("Swit") submits this Sur-reply to notify the Court that Defendants Litepanels, LLC and Litepanels, Inc. (collectively "Litepanels") has failed to produce <u>any</u> documents responsive to Swit's request for production of documents, third-party subpoenas, or request for documents related to the Texas-based Gekko litigation. Litepanels' has unduly prejudiced Swit by utterly failing to comply with any of Swit's discovery requests that were designed to elicit material facts relating to jurisdiction in the Northern District of California. Without the necessary materially relevant information (solely within Litepanels' possession or control), Swit is left with no alternative other than to bring this matter to the attention of the

- 1 -
**SUR-REPLY TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**

Court and request that the Court deny the Motion to Dismiss or Transfer based on Litepanels' refusal to cooperate in discovery.

Swit served document requests on Litepanels on August 6th, requested documents produced by Litepanels in the Gekko litigation on August 15th, and prepared third-party subpoenas to Litepanels distributors on August 16th. Wolf Decl. ¶ 3. This was consistent with Swit's Opposition to Litepanels' Motion where Swit represented to the Court that discovery requests were pending relating to material jurisdictional questions (See Opposition to Motion to Dismiss or Transfer at p. 1, l. 14-18). In response, Litepanels filed a motion to strike the Wolf declaration on the basis that it contained inadmissible hearsay.

Discovery should be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary. <u>Kilpatrick v. Texas & P. Ry.</u>, 72 F. Supp. 635, 638 (S.D.N.Y.1947). <u>Wells Fargo & Co. v. Wells Fargo Express Co.</u>, 556 F.2d 406 (9th Cir. 1977). Moreover, a plaintiff is entitled to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction. <u>Blanco v. Carigulf Lines</u>, 632 F.2d 656, 658 (5th Cir. 1980). Here however, rather than comply with the document requests of August 6th, the third-party subpoenas of August 16th, or the request for the Gekko-related production of August 15th, Litepanels utterly failed to provided Swit with any documents responsive to the document requests. Wolf Decl. ¶ 4 (despite an offer by Swit to narrow the document requests to nos. 1-16, 32, 33 and 51). Wolf Decl. ¶ 5. With respect to the documents requests, Litepanels universally responded, in part (despite requesting and being granted an extension to respond):

> "…Litepanels, LLC will produce non-privileged and relevant documents once an effective protective order is in place in this case and the Court has decided Litepanels, LLC and Litepanels, Inc.'s Renewed Motion to Dismiss or Transfer."

For the third-party subpoenas - where Litepanels represented two out of the three subpoenaed parties - Litepanels initially agreed to provide only Northern California-related invoices - rather than all materially relevant documentation. However, Litepanels never

- 2 -
**SUR-REPLY TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**

1  produced any documents responsive to the third-party subpoenas. Wolf Decl. ¶ 6. Similarly, for
2  the Gekko production, Litepanels never produced any documentation, (Wolf Decl. ¶ 7) despite
3  the fact that it produced the underlying documents in the Texas-based Gekko case, the same case
4  Litepanels argues should be consolidated with the present case in San Francisco. In this
5  instance, Litepanels alleged that it would be too "burdensome" to produce such documents.

Dated: October 8, 2007                              WANG, HARTMANN & GIBBS
                                                    A Professional Law Corporation

                                                    By:  /s/Erick P. Wolf
                                                         Richard F. Cauley
                                                         Erick P. Wolf
                                                         Larry E. Severin
                                                         Attorney for Plaintiffs

- 3 -
**SUR-REPLY TO RENEWED MOTION TO DISMISS OR TRANSFER VENUE**