**United States District Court**
For the Northern District of California

1
2
3
4
5
6 IN THE UNITED STATES DISTRICT COURT
7
8 FOR THE NORTHERN DISTRICT OF CALIFORNIA
9 SWIT ELECTRONICS CO., LTD,
10     Plaintiff,      No. C 07-02645 JSW
11   v.
12 LITEPANELS LLC, and LITEPANELS, INC.,     **ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER**
13     Defendants.
14 _____/

15     Now before the Court is the motion filed by Litepanels LLC and Litepanels, Inc.
16 (collectively "Litepanels" or "Defendants") to dismiss or transfer venue to the United States
17 District Court for the Eastern District of Texas pursuant to 28 U.S.C. §§ 1406(a) or 1404(a).
18 The Court finds this matter suitable for disposition on the papers and therefore VACATES the
19 October 12, 2007 hearing date. *See* N.D. Cal. Civ. L.R. 7-1(b). Having carefully reviewed the
20 parties' papers and considered their arguments and the relevant legal authority, and good cause
21 appearing, the Court hereby GRANTS Litepanels' motion to transfer under 28 U.S.C. §
22 1406(a).

23                                        **BACKGROUND**

24     On May 17, 2007, Plaintiff Swit Electronics Co., Ltd. ("Swit") filed a complaint in this
25 Court against Litepanels LLC for declaratory judgment of non-infringement and invalidity of
26 three U.S. Patents: 6,948,823 ("'823"); 7,140,742 ("'742"); 7,163,302 ("'302") (collectively
27 "the patents at issue"). (Complaint ("Compl."), ¶¶ 2, 10-17.) On July 24, 2007, Swit filed an
28 amended complaint adding Litepanels, Inc. as a defendant. (First Amended Complaint ("First
Am. Compl."), ¶¶ 4, 19-26.) In addition to declaratory judgments of non-infringement and

1 invalidity, Swit seeks attorneys' fees and costs. (*Id.* at 6). Now before the Court is Litepanels'
2 renewed motion to dismiss or transfer venue to the Eastern District of Texas pursuant to 28
3 U.S.C. §§ 1406(a) or 1404(a).

4     This suit arises from a patent dispute that began on February 13, 2007 when Litepanels
5 LLC notified Swit's United States distributor, Varizoom, that Varizoom may be infringing
6 Litepanels' patents. (Declaration of Ken Fisher ("Fisher Decl."), ¶ 4; Ex. B.) Swit is a Chinese
7 corporation with its principal place of business in Nanjing, China. (First. Am. Compl., ¶ 2) It
8 manufactures and sells lighting products, including models S2000 and S2010. (*Id.*, ¶¶ 10, 20-
9 22.) Litepanels LLC is a California limited liability company with its principal place of
10 business in Los Angeles, California. (Fisher Decl., ¶ 2.) It is a technology and licensing
11 company that owns the '823, '742 and '302 patents. (*Id.*) Litepanels, Inc. is a California
12 corporation with its principal place of business in Los Angeles, California and is the exclusive
13 licensee of the patents at issue. (First. Am. Compl., ¶ 4.) Varizoom, Swit's sole United States
14 distributor, is located in Austin, Texas. (Fisher Decl., ¶ 4; Ex. A.)

15     Litepanels LLC's initial letter to Varizoom on February 13, 2007 identified Swit's
16 S2000 and S2010 products and notified Varizoom that those products may infringe the patents
17 at issue. (First Am. Compl., Ex. 4.) Litepanels asked Varizoom to "cease and desist from
18 making, importing, selling, or offering to sell any products which may infringe" their patents.
19 (*Id.*) On March 19, 2007, a Litepanels representative in Plano, Texas, purchased a Swit model
20 S2010 light through Varizoom's website. (Fisher Decl., ¶ 6.) On March 21, 2007, Litepanels
21 LLC sent another "cease and desist" letter to Varizoom. (First Am. Compl., Ex. 5.) On March
22 27, 2007, Litepanels LLC sent a third "cease and desist" letter to Varizoom, threatening legal
23 action and also demanding that Varizoom not display Swit products at an upcoming trade show
24 in Las Vegas, Nevada. (Fisher Decl., ¶ 8; Ex. D.)

25     Tom McKay, the principal of Varizoom and its affiliate, Tom's Way, Inc., faxed a letter
26 to Litepanels on March 28, 2007. (*Id.*, ¶ 9; Ex. E.) In the letter, McKay stated that he had
27 stopped selling the product at issue, forwarded one of Litepanels' letters to Swit and asked Swit
28 to look into Litepanels' claims. (*Id.*)

2

On April 16, 2007, at a trade show in Las Vegas, Nevada, a Litepanels representative observed Swit models S2000 and S2010 on display at Swit's trade show booth. (*Id.*, ¶ 11.) Litepanels mailed and hand-delivered a letter to Swit on April 17, 2007 demanding that Swit cease and desist selling, marketing or importing the S2000 and S2010 models and that Swit remove the products from the trade show display. (Compl., Ex. 4.) The letter threatened legal action if Swit did not comply with Litepanels demands. (*Id.*)

Swit brought this complaint for declaratory judgment on May 17, 2007. On May 29, 2007, Litepanels LLC and Litepanels, Inc. filed a complaint against Swit, Tom McKay d/b/a Varizoom, and Tom's Way, Inc. in the United States District Court for the Eastern District of Texas. (Declaration of Robert Kramer ("Kramer Decl."), ¶ 2; Ex. A.) Litepanels accuses Swit, Varizoom and Tom's Way, Inc. of infringing Litepanels' '823 and '302 patents. (*Id.*, Ex. A.)

In addition, Litepanels LLC and Litepanels, Inc. have a patent infringement case pending against Gekko Technology Ltd. ("Gekko") in the United States District Court for the Eastern District of Texas. (*Id.*, ¶¶ 4-7; Ex. B.) The Gekko case involves the '823 and '302 patents and U.S. Patent No. 6,749,310 ("'310"). (*Id.*, Ex. B at 3; Ex. C.) The Court will address additional specific facts as required in the analysis.

**ANALYSIS**

**A.    The Northern District of California Is An Improper Venue.**

Defendants seek to dismiss or transfer this action because the Northern District of California is an improper venue. Pursuant to 28 U.S.C. § 1406(a), a district court of a district in which a case is filed in the improper venue "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought originally." Plaintiff has the burden of showing that venue is properly laid in the Northern District of California. *Piedmont Label Co. v. Sun Garden Packing*, 598 F.2d 491, 496 (9th Cir. 1979). Venue in a declaratory judgment action for patent invalidity and noninfringement is governed by the general venue statute, 28 U.S.C. § 1391(b) and (c), not the patent infringement venue statute, 28 U.S.C. § 1400(b). *U.S. Aluminum Corp. v. Kawneer Co., Inc.*, 694 F.2d 193, 195 (9th Cir. 1982). 28 U.S.C. § 1391(b) provides that venue is only proper in:

3

> (1) a judicial district where any defendant resides, if all defendants reside in the same State;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;
> (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

A corporation's residence is further defined for venue purposes:

> [A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State.

28 U.S.C. § 1391(c).

Swit asserts that venue is proper because Litepanels resides in this District and is therefore subject to personal jurisdiction in this District. Due process requires that a defendant have "minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 839 (9th Cir. 1986) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). This requirement may be met in two ways. First, if the defendant has "substantial" or "continuous and systematic" contacts with the forum state, the defendant is subject to general jurisdiction. *Id.* (quoting *Data Disc, Inc. v. Systems Technology Associates*, 557 F.2d 1280, 1287 (9th Cir. 1977)). The standard for general jurisdiction is high and requires that contacts in the forum "approximate physical presence." *Tuazon v. R.J. Reynolds Tobacco Co.*, 433 F.3d 1163, 1169 (9th Cir. 2006). Moreover, "mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 418 (1984). The second way to establish personal jurisdiction is to invoke specific jurisdiction, which requires a strong relationship between the quality of the defendant's forum contacts and the specific cause of action. *Decker Coal Co.*, 805 F.2d at 839 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 (1985)).

4

1    For venue purposes, this District does not have general jurisdiction over Litepanels LLC
2 or Litepanels, Inc. because neither entity has continuous and systematic contacts in this District.
3 To support its argument that venue is proper in this District, Swit relies solely on the activities
4 of Litepanels, Inc's California distributors. (Opp., at 6.) Swit provided a declaration by its
5 counsel, Erick Wolf, that he contacted one distributor located in this District and two
6 distributors located in the Central District of California. (Declaration of Erick Wolf ("Wolf
7 Decl."), ¶¶ 2-5.) All three distributors stated that they could ship Litepanels products to the Bay
8 Area, and two of them indicated that they had shipped Litepanels products to the Bay Area in
9 the past. (*Id.*)[1]

10    Merely showing that a distributor can ship Defendants' products to a district does not
11 nearly approximate physical presence in this District and does not meet the high standard of
12 general jurisdiction. *See Helicopteros*, 466 U.S. at 411 (finding no general jurisdiction in Texas
13 over helicopter transportation company that purchased 80 percent of its helicopters, spare parts,
14 and accessories worth over $4 million from Texas sources over a seven year period); *Glencore*
15 *Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1124-25 (9th Cir. 2002)
16 (finding no general jurisdiction where defendant's only contacts with forum state were sixteen
17 shipments of rice sold through an independently employed sales agent); *Congoleum Corp. v.*
18 *DLW Aktiengesellschaft*, 729 F.2d 1240, 1242 (9th Cir. 1984) (noting how "no court has ever
19 held that the maintenance of even a substantial sales force within the state is a sufficient contact
20 to assert jurisdiction in an unrelated cause of action."). Swit provides no further evidence of
21 contacts in this District. Meanwhile, Litepanels maintains that it has no office, facilities or
22 business operation in this District, and that it does not and has never conducted business in this
23 District. (Fisher Decl., ¶ 2.) Therefore, Litepanels' contacts are not sufficient for Swit to meet
24 its prima facie burden of demonstrating that venue is proper in this District based on general
25 jurisdiction.

---

[1] On July 20, 2007, Litepanels filed a motion to strike hearsay statements in the declaration of Erick Wolf. Because the Court finds that the contacts at issue in the declaration do not constitute general jurisdiction for venue purposes, even if admissible as evidence, the Court finds that it does not need to rule on Litepanels' motion to strike.

5

In addition, this District does not have specific jurisdiction over Litepanels LLC or Litepanels, Inc. because there is no connection between their contacts in this forum and the claims in this action. This case arose from Litepanels' legal threats to Swit and its distributor for allegedly infringing its patents. Litepanels' "cease and desist" letter to Swit was sent by its attorneys in Los Angeles to China and was hand-delivered to Swit representatives in Las Vegas, NV. (Compl., Ex. 4.) Meanwhile, Litepanels' "cease and desist" letters to Varizoom were sent to Texas, and a Litepanels representative purchased Swit products in Texas. (Fisher Decl., ¶ 6; Ex. B, C, D.) Because nothing occurred in this District that gave rise to Swit's cause of action, this District does not have specific jurisdiction over Litepanels LLC or Litepanels, Inc.

Venue is also improper under 28 U.S.C. § 1391(b)(2) and (b)(3). For the reasons previously discussed, none of the events giving rise to this claim occurred in this District. *See* 28 U.S.C. § 1391(b)(2). Furthermore, because Litepanels, LLC and Litepanels, Inc. both have principle places of business in the Central District of California, § 1391(b)(3) does not apply. Therefore, the Court finds that venue is improper under 28 U.S.C. § 1391.

**B.     The Interests of Justice Favor Transfer to the Eastern District of Texas.**

Pursuant to 28 U.S.C. § 1406(a), this Court may dismiss the case or transfer it to another district in which it could have been brought. Because both parties have a strong interest in resolving this patent dispute, the Court finds that the interest of justice favors transfer to another district. Litepanels seeks to transfer this action to the Eastern District of Texas for convenience and judicial efficiency. As an alternative to this District, Swit seeks transfer to the Central District of California. (Opp., at 10.)

**1.     This action could have been brought in the Eastern District of Texas or the Central District of California.**

For Swit to have brought this action in the Eastern District of Texas, Litepanels, as the defendant in this case, had to have been subject to personal jurisdiction in that district. A defendant may waive personal jurisdiction by voluntarily invoking the court's jurisdiction as a plaintiff in a related case. *General Contracting and Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 23 (1st Cir. 1991) (finding personal jurisdiction over defendant because it availed itself of the benefits of the court as a plaintiff); *see also Frank's Casing Crew & Rental Tools, Inc. v.*

6

*PMR Technologies, Ltd.*, 292 F.3d 1363, 1372 (Fed. Cir. 2002) (finding that defendant waived personal jurisdiction by bringing new claims against new parties, although they did not arise out of the same transaction or occurrence as the original claim); *PaineWebber Inc. v. Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 460 (5th Cir. 2001) (noting that a party may submit to personal jurisdiction by commencing an action or "a related action in the very forum in which it is contesting personal jurisdiction").

Here, Litepanels voluntarily brought an action in the Eastern District of Texas against Gekko before Swit filed this action. The earlier-filed action against Gekko is closely related to this case because it involves the '302 and '823 patents, which are two of the same patents at issue here. (Kramer Decl., Ex. B, C, D.) Litepanels availed itself of the benefits of the Eastern District of Texas when it sued another party over the same patents. In bringing that suit, Litepanels, as the defendant in this case, subjected itself to personal jurisdiction in the Eastern District of Texas. Therefore, Swit could have brought this action in the Eastern District of Texas.

Alternatively, the parties do not dispute that this action could have been brought in the Central District of California. (Br., at 13.)

**2.     The interests of justice favor transfer to the Eastern District of Texas.**

Considerations of the interests of justice include "whether efficient and expeditious administration of justice would be furthered." *Sherar v. Harless*, 561 F.2d 791, 794 (9th Cir. 1977); *see also Regents of the Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). In deciding whether to transfer to a more convenient forum, the *Eli Lilly* court noted that the interests of justice, including judicial economy, "may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result." *Id.* (quoting *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986)). The court found that in a patent infringement case "in which several highly technical factual issues are presented and the other relevant factors are in equipoise, the interest of judicial economy may favor transfer to a court that has become familiar with the issues." *Id.* Although the court decided the transfer motion under 28 U.S.C. § 1404(a), the same principle applies to

7

the interests of justice considerations under § 1406(a). Similarly, in *Pacesetter Systems, Inc. v. Medtronic, Inc.*, 678 F.2d 93, 96 (9th Cir. 1982), the court in a patent infringement case found that permitting multiple litigation of claims "could serve no purpose of judicial administration, and the risk of conflicting determinations as to the patents' validity and enforceability was clear." *See also Societe de Conditionnement en Aluminium v. Hunter Engineering Co., Inc.*, 655 F.2d 938, 943 (9th Cir. 1981) (noting the need to avoid multiplicity of actions in patent suits). Thus, the interests of justice favor transfer to a forum that saves scarce judicial resources and also reduces the risk of conflicting decisions.

Here, judicial economy strongly favors transfer to the Eastern District of Texas. An Eastern District of Texas court has already commenced proceedings between Litepanels and Gekko. That case involves the '302 and '823 patents, which are two of the same patents at issue in this case. (Kramer Decl., Ex. B, C, D.) The court in the Eastern District of Texas will undoubtedly expend great resources in construing and interpreting the patents in the Gekko case, and allowing the same court to construe the related patents in this action would save substantial resources of both the parties and the court. Thus, transferring this closely related action to the same court is the most effective administration of justice.

In addition, Litepanels brought an action in the same Eastern District of Texas court against Swit and its distributor shortly after Swit brought this action. (Kramer Decl., Ex. A.) Judge Leonard Davis of the Eastern District of Texas already presides over the Gekko case and has also been assigned to the reciprocal action against Swit. (*Id.*, Ex. B, C, D.) Ordinarily, the first party to file an action receives the benefit of its choice of forum, and judicial economy would favor consolidating any subsequent actions in that forum. *See Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993) ("When the declaratory action can resolve the various legal relations in dispute and afford relief from the controversy that gave rise to the proceeding, and absent sound reason for a change of forum, a first-filed declaratory action is entitled to precedence as against a later-filed patent infringement case."). However, because Swit brought this action in an improper venue, it cannot receive the benefit of the first-to-file rule. *See Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 269

8

(C.D. Cal. 1998) ("[t]he first-to-file rule is not to be mechanically applied, but 'rather is to be applied with a view to the dictates of sound judicial administration.'... [U]nless compelling circumstances justify departure from the rule, the first-filing party should be permitted to proceed without concern about a conflicting order being issued in the later-filed action.") (citing *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 95 (9th Cir. 1982)).  Therefore, Litepanels' case against Swit in the Eastern District of Texas adds to the weight given to the Eastern District of Texas as a more efficient use of judicial resources.  Patent cases involve highly technical factual determinations, and to require different courts to conduct such an extensive inquiry would be highly inefficient and could also lead to conflicting claim constructions.  *See Pacesetters*, 678 F.2d at 96.  Because this case is so closely related to the two cases before the court in the Eastern District of Texas, sound judicial economy necessitates transfer to that district.

In the alternative to this District, Swit argues for transfer to the Central District of California.  Litepanels LLC and Litepanels, Inc. are based in the Central District, yet they prefer a transfer to Texas.  Swit has no connection to the Central District of California and gives no further reasons for transfer to that district.  Whereas judicial economy strongly favors transfer to the Eastern District of Texas, the Central District of California offers no such benefit.  Therefore, the Court finds that because venue is improper in this District, transfer to the Eastern District of Texas is in the interests of justice.[2]

---

[2] Because another court will address further arguments on the merits of the case, this Court declines to address Litepanels' assertion that Litepanels, Inc. is not a proper party to this action. (Defendant's Renewed Motion to Dismiss or Transfer Venue, at 5-6.)  Likewise, the Court declines to address Litepanels' assertion that the Court should dismiss Swit's declaratory judgment claim related to the '742 patent because there is no actual and justiciable controversy between the parties about that patent. (*Id.* at 16.)

9

**CONCLUSION**

For the foregoing reasons, Litepanels' motion to transfer for improper venue to the United States District Court for the Eastern District of Texas, pursuant to 28 U.S.C. § 1406(a), is GRANTED.

**IT IS SO ORDERED.**

Dated: October 9, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE